■ RICHARD O'NEILL, Appellant, v MAUREEN O'NEILL, Respondent. — In a matrimonial action, plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Corrado, J.), dated February 28, 1984, as denied that branch of his cross motion which sought downward modification of his child support obligation under the divorce decree to $100 per week.

Order affirmed insofar as appealed from, with costs.

The parties were divorced by judgment dated June 17, 1983. Pursuant to the final judgment of divorce and the stipulation entered into between the parties which survived the judgment, the defendant wife was given custody of the couple's two infant children. Plaintiff was to pay child support in the amount of $115 per week. When infant son Michael became emancipated, this amount was to be decreased to $100 per week. In November 1983, plaintiff began to pay $100 per week, alleging that Michael had a job and was, therefore, emancipated. Defendant moved, *inter alia,* for a money judgment for arrears, and plaintiff cross-moved, *inter alia,* for downward modification of his support obligations.

Plaintiff's affidavits, containing conclusory statements as to Michael's status, failed to create a genuine issue of fact as to

Michael's alleged emancipation (*Levinson v Levinson,* 97 AD2d 458). Therefore, Special Term properly denied plaintiff's cross motion for a downward modification of his support obligation without an evidentiary hearing (*Gagliardi v Gagliardi,* 18 AD2d 788). Gibbons, J. P., Bracken, O'Connor and Brown, JJ., concur.