■ TIC HOLDINGS, LLC, Respondent, v HR SOFTWARE ACQUISITIONS GROUP, INC., et al., Appellants. [755 NYS2d 19] —Order, Supreme Court, New York County (Herman Cahn, J.), entered July 3, 2002, which, inter alia, denied the individual defendants' motion for summary judgment dismissing the complaint or, in the alternative, for summary judgment declaring that they are fully indemnified with respect to all of the claims against them, and granted plaintiff's cross motion for summary judgment declaring that the purported transfer of certain of its assets to the corporate defendant is null and void, unanimously affirmed, with costs.

This is an action by a limited liability company against one of its members, its former manager and their software development company, to recover damages for breach of fiduciary duty, misappropriation of business opportunity and tortious interference with prospective economic advantage. Plaintiff alleges that defendants unduly disparaged the troubled technology company constituting plaintiff's chief investment, thereby scaring off potential investors that might have enabled plaintiff to rescue it from its financial straits and facilitating the individual defendants' offer of a buyout of the company at a low price.

The motion court correctly determined that the purported asset transfer by defendant Spivak in his claimed capacity as plaintiff's manager was void because the transfer of a substantial portion of plaintiff's assets was not in the ordinary course of business (*see Matter of Kunin*, 281 App Div 635, 637, *affd*

306 NY 967), and was therefore not authorized under plaintiff's operating agreement or Limited Liability Company Law § 402 (d). Nor did defendant's proposal to effect the transfer unless plaintiff's members objected constitute the "affirmative" vote of the majority in interest of plaintiff's members required to authorize the transfer under the operating agreement.

The motion court properly denied the individual defendants' motion for summary judgment with respect to the issue of release and indemnification because, inter alia, it is unclear whether their conduct falls within either of the provisions relied upon, which may be of limited scope. The release appears to insulate them only from claims arising from their dual roles as members of plaintiff also holding interests in the technology company in which it invested, and not from claims arising from conduct relating to their interests in the corporate defendant. The indemnification clause, to the extent that it applies, would appear similarly limited, applying only to the manager's acts taken in his capacity as manager of plaintiff. Moreover, the complaint sufficiently alleges intentional wrongdoing and bad faith to render the cited exculpatory and indemnification provisions ineffective under both longstanding general common-law principles and the specific governing statutes (Limited Liability Company Law § 417 [a] [1]; § 420).

We have considered defendants' other contentions and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Andrias and Saxe, JJ. [See 194 Misc 2d 106.]