■ Neil Cohen, Appellant, v Trudy Beers Cohen, Respondent. [808 NYS2d 42]—

Order, Supreme Court, New York County (Laura E. Drager, J.), entered June 30, 2005, which, in postjudgment matrimonial proceedings, denied plaintiff's motion for a declaration that the parties' daughter is emancipated, and for a money judgment of $38,550 representing reimbursement of a portion of the daughter's college expenses, unanimously modified, on the facts, to vacate so much of the order as denied a money judgment, and the matter remanded to the motion court for further proceedings in connection therewith, including a decision on the merits of plaintiff's claims that defendant breached the separation agreement by failing to contribute to the daughter's college expenses and misappropriated money that plaintiff set aside for such expenses, and otherwise affirmed, without costs.

The parties' separation agreement provides that "[a] residence at . . . college . . . is not to be deemed a residence away from the residence of the wife [i.e., defendant] sufficient to constitute emancipation." While the daughter's affidavit submitted in support of plaintiff's motion may raise an issue of fact as to her present desire and intention to establish a permanent residence away from either parent, any such desire and intention is a far cry from actually having such a residence. Meanwhile, unchallenged evidence adduced by defendant shows that while the daughter resides off campus due to the unavailability of dormitory facilities, she continues to return to defendant's home each and every school break and intends to find summer employment in New York. No issues of fact exist warranting a hearing into the daughter's emancipation (see O'Neill v O'Neill, 109 AD2d 829 [1985]). However, issues of fact do exist with respect to plaintiff's claims concerning defendant's college expense obligations. Defendant argues that such claims were included in the parties' settlement of a prior Family Court child support proceeding initiated by defendant, but nothing on the face of the stipulation of settlement tends to show the claimed offset. Defendant also argues that her alleged misappropriation of money set aside for the daughter's college education is belied by bank statements; if so, the bank statements should be made part of the record. While plaintiff could have raised his claims concerning defendant's college expense obligations in the Fam-

ily Court proceeding, the motion court erred in holding that his failure precludes him from doing so now. We modify accordingly. Concur—Andrias, J.P., Saxe, Nardelli and Catterson, JJ.