■ ERIC BISCHOFF, Individually and as a Member, in the Right of and on Behalf of FRANK BRUNCKHORST Co., L.L.C., Respondent, v BOAR's HEAD PROVISIONS Co., INC., et al., Appellants. [834 NYS2d 22]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered September 26, 2006, which denied defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

We have recently held that a member of a limited liability company retains the common-law right to bring a derivative suit on behalf of the company (*see Tzolis v Wolff*, 39 AD3d 138 [2007]). We thus reject defendants' assertion that plaintiff lacks standing to assert derivative claims on behalf of nominal defendant Frank Brunckhorst Co., L.L.C. (FB Co).

The complaint states a valid cause of action for breach of contract based on a violation of the operating agreement of FB Co. Plaintiff alleges that the individual defendants violated that agreement's prohibition on unfair related-party transactions

when they caused FB Co. to engage in such transactions with defendant Boar's Head Provisions Co. (BHP). While the operating agreement refers to the provision of "services," plaintiff's allegations require an examination into the transactions between FB Co. and BHP, as well as evidence of custom, practice and course of dealing between the parties, to determine if the transactions between these companies were solely for the sale of goods or for the rendering of services (*see Milau Assoc. v North Ave. Dev. Corp.*, 42 NY2d 482, 485-486 [1977]; *Rielly Co. v Lisa B. Inc.*, 181 AD2d 269, 272 [1992]). Without deciding the precise scope of the term "services" as used in the operating agreement, we note that the complaint, liberally construed, as it must be at this stage of the proceedings (*see e.g. Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), sufficiently alleges that the transactions between FB Co. and BHP were in the nature of services. Concur—Tom, J.P., Williams, Buckley, Gonzalez and Sweeny, JJ.