(August 18, 2009)

■ Grand Manor Health Related Facility, Inc., Respondent, v Hamilton Equities Inc. et al., Appellants. [885 NYS2d 255]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about September 30, 2008, which, in an action for declaratory relief, granted plaintiff's motion to preliminarily enjoin defendants from commencing a proceeding to terminate plaintiff's tenancy pending resolution of this action, unanimously modified, on the law, the preliminary injunction and the court's determination that the subject lease be in effect pending disposition of this action vacated, and otherwise affirmed, without costs.

This appeal involves the July 30, 1974 commercial lease between defendant lessor Hamilton Equities, and Saul Liebman and Bert Liebman, doing business as plaintiff lessee. Defendants' February 22, 2008 notice to cure cites as lease violations plaintiff's occupancy of the premises without defendants' approval, its failure to keep the premises in good repair, and its default in paying rent and additional rent. Plaintiff moved for *Yellowstone* relief upon bringing this action to declare, among other things, its compliance with its obligations to pay rent. The IAS court granted the motion to the extent set forth in a stipulation so-ordered by the court on March 17, 2008. The first "whereas" clause of the stipulation recites the fact that plaintiff is tenant under the 1974 lease. The stipulation makes no other reference to plaintiff's status as a tenant. The pivotal operative clause of the stipulation provides: "Pending determination of this action, defendants shall not take any steps to terminate the Lease based on any of the reasons set forth in the Notice of Default or based on any dispute concerning calculation of rent under the Lease, provided that [plaintiff] continues to pay rent consistent with its calculations of rent under the Lease." Another operative clause provides: "This Stipulation shall not constitute an admission by, or waiver of any rights, claims or defenses of, any party, except as specifically set forth in this Stipulation."

Three months after entering into the stipulation, defendants served plaintiff with a 30-day notice to terminate plaintiff's purported month-to-month tenancy. Plaintiff then moved for an order "clarifying" the stipulation so as to interpret it as prohibiting any and all attempts by defendants to terminate plaintiff's leasehold interest and enjoining defendants from making such attempts. The IAS court granted the motion to the

extent of deeming the 1974 lease in effect as between the parties pending the determination of this action, and preliminarily enjoining defendants from taking any steps to terminate the leasehold without leave of the court.

The court's ruling was erroneous because defendants did not stipulate to the existence of a lease between themselves and plaintiff. A stipulation should be construed as an independent contract subject to settled principles of contractual interpretation (*McCoy v Feinman*, 99 NY2d 295, 302 [2002]). As noted above, the recital regarding plaintiff's tenancy is set forth only in the "whereas" clause of the stipulation. Although a statement in a "whereas" clause may be useful in interpreting an ambiguous operative clause in a contract, it cannot create any right beyond those arising from the operative terms of the document (*Genovese Drug Stores, Inc. v Connecticut Packing Co., Inc.*, 732 F2d 286, 291 [2d Cir 1984]). The stipulation, which is enforceable and provides appropriate *Yellowstone* relief, unambiguously omits any recital that the 1974 lease was to be deemed in effect during the pendency of this action. Hence, defendants' service of the 30-day notice on the ground that no lease exists does not violate the stipulation, which only proscribes measures to *terminate* the lease on the grounds set forth in the notice of default. Therefore, the stipulation provides no basis for a conclusion that defendants precluded themselves from asserting that plaintiff occupies the premises as a month-to-month tenant.

The instant lease is typical of commercial leases that give landlords a right of termination subject to notice requirements set forth in their provisions. The IAS court's order also impermissibly revises the lease to make the landlord's right of termination subject to the additional condition of judicial approval. A court may not, under the guise of interpretation, make a new contract for the parties (*see Rodolitz v Neptune Paper Prods.*, 22 NY2d 383, 386 [1968]). Moreover, the *Yellowstone* injunction was devised to maintain the status quo with respect to the cure period while the underlying dispute is being litigated (*Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc.*, 93 NY2d 508, 514 [1999]). Here, the court's revision of the lease effectively disturbs the status quo by requiring the landlord to take an additional step before exercising its contractual right to seek termination of the lease on any ground. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, McGuire and DeGrasse, JJ.