■ FRED VAYS, Individually and as a Member of Sycamore Development Group, LLP, and Emerson Place LLC, Respondent-Appellant, v 139 EMERSON PLACE, Respondent, and SYCAMORE DEVELOPMENT GROUP, LLC, et al., Appellants-Respondents, et al., Defendants. [942 NYS2d 47]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered January 25, 2011, which, insofar as appealed from, granted plaintiff's motion for leave to amend the complaint to add a proposed fourth cause of action for restitution/unjust enrichment, and otherwise denied the motion, and denied defendants-appellants' cross motion for summary judgment dismissing the complaint as against them, unanimously affirmed, with costs.

As is relevant to the instant motion and cross motion, the individual litigants, plaintiff Fred Vays and defendants George

Dellapa and Elissa Winzelberg, are equal shareholders in corporate co-defendants 139 Emerson Place, LLC (Emerson) and Sycamore Development Group, LLC (Sycamore). Emerson was formed to develop, own and operate a residential apartment building, located at 139 Emerson Place, in Brooklyn. At about the same time, the individual parties also formed Sycamore for the purpose of engaging in future real estate development projects, and signed an operating agreement (Sycamore operating agreement), pursuant to which the consent of all three members was required to authorize Sycamore's involvement in any such development project.

Plaintiff alleges that defendants Dellapa and Winzelberg attempted to use Sycamore to acquire an interest in another residential building, located at 970 Kent Avenue, in Brooklyn, and thereafter transferred that interest to co-defendant Sycamore Kent Group, LLC (Sycamore Kent), without plaintiff's knowledge or consent, in breach of the Sycamore operating agreement.

In a previous order, which was not appealed, the motion court determined that defendants' alleged use of Sycamore to acquire an interest in the Kent property, and its later transfer of that interest, were legally void (*Vays v 139 Emerson Place, LLC*, 2010 NY Slip Op 30379[U], *5-6 [Sup Ct, NY County 2010], citing *TIC Holdings v HR Software Acquisition Group*, 194 Misc 2d 106 [Sup Ct, NY County 2002], *affd* 301 AD2d 414 [2003]). The record contains evidence that defendants initiated both of those transactions, and that the latter transaction occurred less than six years before the commencement of this action. Thus, plaintiff's first and second causes of action, for an accounting and breach of contract, respectively, are not barred by the applicable six-year statute of limitations (*see Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68 [1980]; *see also Bischoff v Boar's Head Provisions Co., Inc.*, 38 AD3d 440 [2007]).

Moreover, on this record, factual issues exist with respect to the issue of damages which warrant that this case proceed to trial (*see e.g. Najjar Indus. v City of New York*, 87 AD2d 329 [1982], *affd* 68 NY2d 943 [1986]).

With respect to plaintiff's motion for leave to file an amended complaint, the court correctly determined that, with respect to plaintiff's proposed third cause of action, the entity upon which plaintiff seeks to impose a constructive trust, Emerson, was unrelated to the instant dispute, and that three of four factors relevant to a finding of a constructive trust (i.e., a promise, a transfer in reliance thereon, and unjust enrichment) are not al-

leged in the instant case (*Simonds v Simonds*, 45 NY2d 233, 241-242 [1978]).

With respect to plaintiff's proposed fifth cause of action for restitution, plaintiff failed to show that defendants were unjustly enriched with respect to their alleged actions in connection with Emerson (*see* 22 NY Jur 2d Contracts § 74; *see also Unisys Corp. v Hercules Inc.*, 224 AD2d 365, 367 [1996]).

In addition, with respect to plaintiff's sixth cause of action, plaintiff failed to state a claim for fraudulent concealment, in that the 2001 contract and deed by which the Kent property was purchased, using Sycamore's name, were contemporaneously recorded and were thus available for public inspection in 2001 (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 63 AD3d 583, 586 [2009]).

With respect to plaintiff's proposed fourth cause of action for unjust enrichment, under these circumstances and in light of the court's determination that the October 18, 2001 transfer, and defendants' attempt to have Sycamore obtain an interest in the Kent property were void ab initio, plaintiff is permitted to proceed on this alternative theory in the event recovery is unavailable under his breach of contract claim (*see Jeremy's Ale House Also, Inc. v Joselyn Luchnick Irrevocable Trust*, 22 AD3d 6 [2005]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Manzanet-Daniels and Román, JJ. **[Prior Case History: 2011 NY Slip Op 30164(U).]**