■ Dee Cee Associates LLC, Appellant, v 44 Beehan Corp. et al., Respondents, et al., Defendant. [51 NYS3d 41]—

▆▆▆

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about January 7, 2016, which denied plaintiff's motion for summary judgment on the complaint and granted defendants' cross motion for summary judgment to the extent of dismissing the first cause of action as against defendants 44 Beehan Corp., John Higgins and Brendan Bowes, unanimously modified, on the law, to grant plaintiff's motion to the extent it seeks partial summary judgment as to liability on the second cause of action for rent arrears for the period com-

mencing July 1, 2009, and ending May 31, 2013, and to grant plaintiff summary judgment as to liability on the third cause of action for attorney's fees, and otherwise affirmed, without costs.

Plaintiff landlord, Dee Cee Associates, LLC, (Dee Cee) entered into a lease agreement with defendant tenant 44 Beehan Corp. (44 Beehan) on February 1, 1998, to lease restaurant premises located at 696 Eighth Avenue in New York City. The lease agreement was for a term of fifteen years, commencing on June 1, 1998, and ending on May 31, 2013. The lease agreement rider provided that the annual rent would increase incrementally on an annual basis, from $360,000 for the first year to $599,412 for the fifteenth year.

On January 29, 1998, Dee Cee entered into a "good guy" guarantee agreement with defendants John Higgins, Brenden Bowes, and John Maloney (collectively, the guarantors), under which the guarantors promised to fulfill any of 44 Beehan's obligations that accrued prior to surrender of the premises.

On January 8, 1999, Dee Cee and 44 Beehan entered into a letter agreement affecting the lease. Neither Dee Cee nor 44 Beehan has presented a copy of the letter agreement, each representing that its copy has been lost. Further, neither side has offered an affidavit reconstructing the terms of the letter agreement. As explained below, the 1999 letter agreement may have changed the dates of the lease from June 1, 1998, through May 31, 2013, to December 1, 1998, through November 30, 2013.

On November 27, 2001, Dee Cee and 44 Beehan entered into an agreement to address 44 Beehan's rent arrears of $25,478.91, and 44 Beehan's assertion that it could not pay the full base rent for the next four months. The parties agreed to a payment schedule for the rent arrears, and further agreed that 44 Beehan would pay half of its regular rent for the next four months while the remaining half of the monthly rent would be deducted from its security deposit. 44 Beehan further agreed to pay an additional $5,000 of rent each month, beginning on April 1, 2002, until the security deposit was restored to its original amount.

The 2001 agreement included three provisions which are particularly pertinent to the instant appeal. First, the agreement contained a "whereas" clause stating that the parties had entered into a lease "dated February 1, 1998 for a term of fifteen (15) years which commenced December 1, 1998 and will end on November, 30, 2013 (hereinafter the 'Lease')." As defendants' counsel noted during oral argument in Supreme Court, the 1999 letter agreement may have changed the term

of the lease from June 1, 1998, through May 31, 2013, to December 1, 1998, through November 30, 2013, because the 2001 agreement refers to the later dates without explanation. Second, the 2001 agreement specified that the base monthly rent for October 2001 is $31,200, which corresponds precisely to the monthly rent for the third year of the lease stated in the rider to the original lease. This provision indicates that the schedule of annual rent increases stated in the original lease rider was not changed by the 1999 letter agreement. Third, the agreement stated that "[e]xcept as expressly set forth herein, all of the terms, conditions, covenants and obligations set forth in the Lease remain in full force and effect and without modification or change." Both Dee Cee and 44 Beehan signed the 2001 agreement, which reaffirms that all of the terms of the original lease not specifically altered by the 2001 agreement remain in effect.

As of September 30, 2006, 44 Beehan had accumulated rent arrears totaling $244,733.11. On November 16, 2006, Dee Cee and 44 Beehan entered into an agreement (the 2006 agreement) under which Dee Cee agreed to discount the base rent by 30% beginning on October 1, 2006, and to consider the discounted rent "deferred rent." In exchange, 44 Beehan granted Dee Cee the right to terminate the lease on January 1, 2009, or at any time thereafter, "by giving notice to [44 Beehan], no less than ninety (90) days prior" to the effective date of the termination set forth in the notice. Dee Cee agreed to pay a termination payment of $2,000,000, less the $244,733.11 rent arrears and any deferred rent, in the event Dee Cee exercised its termination right on Jan 1, 2009. The sum of the termination payment would be reduced by 1/35 over the ensuing 35 months until November 30, 2011, after which date Dee Cee would be entitled to terminate the lease without making any termination payment. The 2006 agreement further provides: "In the event that the Lease is not terminated by [Dee Cee], the $244,733.11 arrears owed through September 30, 2006, plus the Deferred Rent, shall be forgiven at the end of the term of the Lease."

As of June 1, 2013, 44 Beehan had allegedly accumulated rent arrears totaling $479,601 including the rent for June 1, 2013, through June 30, 2013. On June 7, 2013, 44 Beehan surrendered the premises to Dee Cee. An employee of 44 Beehan signed a surrender agreement acknowledging that 44 Beehan was surrendering the premises. The surrender agreement included a provision noting that Dee Cee reserved all of its rights and remedies with respect to any rent arrears accrued

through June 7, 2013. At his deposition in this action, Dee Cee's principal, Philip Katz, acknowledged that the mutually agreed-upon surrender of the premises was not an exercise of Dee Cee's option under the 2006 agreement to terminate the lease unilaterally.

On June 6, 2013, Dee Cee filed the complaint in this action against 44 Beehan and the guarantors, asserting three causes of action. The first cause of action seeks $244,733.11 in rent arrears for the period from the inception of the tenancy through September 30, 2006. The second cause of action seeks $479,601 in rent arrears for the period from July 1, 2009, through June 7, 2013. The third cause of action seeks attorney's fees based on a clause in the lease providing that Dee Cee was entitled to attorney's fees incurred to collect rent. Defendant John Maloney failed to answer the complaint, and on December 5, 2013, Dee Cee was granted a default judgment against him. The remaining defendants answered the complaint and discovery ensued. On October 7, 2014, Philip Katz, Dee Cee's managing member, was deposed and explained various calculations in Dee Cee's statement of outstanding rent.

On March 9, 2015, Dee Cee moved for summary judgment on all three causes of action in the complaint, and submitted in support of its motion the original lease, the 2001 and 2006 agreements, the surrender agreement, and a statement of outstanding rent calculating rent arrears of $479,601 for the period from July 1, 2009, through June 7, 2013. In response, defendants cross-moved for summary judgment dismissing the first cause of action. As to the second cause of action, defendants argued that Dee Cee had failed make a prima facie showing because they did not submit the 1999 letter agreement, and further argued that Dee Cee's statement of arrears did not reflect numerous payments made by 44 Beehan. In reply, Dee Cee argued that they had properly credited all of defendant's rent payments and submitted a revised statement of outstanding rent that allegedly noted all of defendant's rent payments. Dee Cee did not explain why the second statement calculated rent arrears of $469,932.15, rather than the figure of $479,601 appearing in the complaint and the original statement of arrears. Further, Dee Cee included the rent and real estate taxes for the entire month of June 2013 on the theory that the rent for the entire month of June 2013 was due on June 1, 2013.

In the order on appeal, Supreme Court granted defendants' cross motion to dismiss the first cause of action and denied Dee Cee's motion for summary judgment in its entirety. Upon Dee Cee's appeal, we modify to grant it partial summary judgment

as to liability on its second and third causes of action, and otherwise affirm.

Supreme Court correctly granted defendants' cross motion to the extent it sought dismissal of the first cause of action for rent arrears through September 2006. The 2006 agreement gave Dee Cee the right to terminate the lease upon payment of a termination amount. In exchange, among other things, at the end of the lease term, the rent arrears through September 2006 would be forgiven if Dee Cee never exercised its termination right. As previously noted, Dee Cee, through its principal at his deposition, acknowledged that it never exercised that right before the end of the lease term. Therefore, in accord with the plain meaning of the terms of the 2006 agreement, the arrears through September 2006 were forgiven (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]; Jet Acceptance Corp. v Quest Mexicana S.A. de C.V., 87 AD3d 850, 854 [1st Dept 2011]).

Moreover, this claim is barred by the six-year statute of limitations, which began to run from the date on which the rent payments became due—September 30, 2006, at the latest (see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 45 [1995]; Arnav Indus., Inc. v Pitari, 82 AD3d 557, 558 [1st Dept 2011], lv dismissed 19 NY3d 949 [2012]; CPLR 213 [2]). This suit was not commenced until more than six years later. The provision in the 2013 surrender agreement acknowledging, without more, that Dee Cee was accepting the surrender "with a full reservation of all of its rights and remedies with respect to . . . arrears owed through September 30, 2006 in the liquidated sum of $244,733.11" did not revive the expired claim, nor did it negate the effect of the aforementioned forgiveness provision of the 2006 agreement. A reservation of rights does not create new rights.*

Supreme Court erred, however, in denying the portions of Dee Cee's motion that sought summary judgment on the second cause of action for rent arrears from July 1, 2009, through May 31, 2013, and the third cause of action for attorney's fees. In support of its motion, Dee Cee submitted the original lease, the 2001 and 2006 agreements, and a detailed rent statement documenting defendant's outstanding rent for the period from

---

* Because the surrender agreement did not, by its terms, revive Dee Cee's expired claim for arrears through September 2006, and because that claim was forgiven, in any event, under the terms of the 2006 agreement, we need not resolve the parties' dispute over whether the employee of 44 Beehan who executed the surrender agreement had actual or apparent authority to bind defendants with respect to any claim by Dee Cee for those arrears.

July 1, 2009, through June 7, 2013. Nevertheless, Supreme Court held that Dee Cee could not establish a prima facie case as to the second and third causes of action without submitting the missing 1999 letter agreement because the letter agreement might be material if it changed the dates of the lease.

We agree with Supreme Court that Dee Cee failed to make a prima facie showing of liability for rent arrears accruing beyond May 31, 2013, because the original lease stated a termination date of May 31, 2013. Dee Cee's argument that the "whereas" clauses in the 2001 and 2006 agreements note a termination date of November 30, 2013, is unavailing because, as a matter of law, a "whereas" clause cannot create a new right (*see Grand Manor Health Related Facility, Inc. v Hamilton Equities Inc.*, 65 AD3d 445, 447 [1st Dept 2009]). However, whether or not the parties agreed to extend the term of the lease through November 30, 2013 (and Dee Cee will have an opportunity to prove such an agreement upon remand), Dee Cee submitted sufficient evidence to make a prima facie showing for rent arrears accruing through May 31, 2013, the termination date set forth in the original lease, by submitting the original lease, the 2001 and 2006 agreements, and a detailed statement documenting outstanding rent arrears. As it is uncontroverted that the term of the lease extended at a minimum until May 31, 2013, Dee Cee is entitled to summary judgment as to liability for rent arrears accruing through that date from July 1, 2009.

We find unavailing defendants' argument that Dee Cee is not entitled to summary judgment due to the absence of the 1999 letter agreement. Each side has lost its copy or copies of this document, so the adverse inference against each side arising from the failure to preserve this evidence is canceled out by the corresponding adverse inference against its adversary. Lacking a copy of the document or any recollection of its contents, defendants cannot meet their burden to demonstrate a triable issue of fact by speculating that the 1999 letter agreement may in some manner "impact" their rent arrears accrued through May 31, 2013. Having failed to turn up a copy of the document or evidence of its contents through discovery, defendants are unable to explain how a trial will shed further light on this matter. Moreover, after the 1999 letter agreement was signed, 44 Beehan signed the 2001 agreement which noted the annual rent amounts and reaffirmed that all of the terms of the lease remained in effect. Plainly, the record establishes that, throughout the period at issue, the parties were operating under the terms of the lease that are in evidence.

Turning to the third cause of action, the lease agreement

provides that 44 Beehan will reimburse Dee Cee for legal fees if Dee Cee prevails in an action to recover rent arrears. Accordingly, Dee Cee is entitled to legal fees incurred in prosecuting the second cause of action, to the extent Dee Cee has prevailed thereon.

While Dee Cee is entitled to summary judgment as to liability on its second and third causes of action in accordance with the foregoing, further proceedings are required to determine the damages recoverable upon these claims (*see Moon 170 Mercer, Inc. v Vella*, 122 AD3d 544, 545 [1st Dept 2014]). Issues of fact exist as to the damages to which Dee Cee is entitled for the rent arrears for the period from July 1, 2009 through May 31, 2013 and for legal fees. Initially, while Dee Cee in the complaint seeks $479,601 in rent arrears, the second statement of outstanding rent notes an outstanding balance of $469,932.15. Further, Dee Cee's rent statement improperly includes rent for the month of June of 2013, and defendants claim that certain rent payments were not reflected on Dee Cee's statement of outstanding rent. Finally, the attorney's fees reasonably incurred by Dee Cee in prosecuting the second cause of action must be determined in evidentiary proceedings. Concur—Friedman, J.P., Renwick, Richter, Moskowitz and Kapnick, JJ.