Walsam 316 v 316 Bowery Realty Corp. (2024 NY Slip Op 02288)

Walsam 316 v 316 Bowery Realty Corp.

2024 NY Slip Op 02288

Decided on April 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 30, 2024

Before: Singh, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 153318/17 Appeal No. 2163-2164-2165 Case No. 2022-04863, 2023-00608, 2023-03241 

[*1]Walsam 316, et al., Respondents,
v
316 Bowery Realty Corp., Appellant, 4-6 Bleecker Street LLC, et al., Defendants.

Meister Seelig & Fein PLLC, New York (Gaddi Goren and Jason A. Grossman of counsel), for appellant.

Order, Supreme Court, New York County (Margaret A. Chan, J.) entered on or about April 8, 2022, which, insofar as appealed from as limited by the briefs, denied the motion of defendant 316 Bowery Realty Corp. (Bowery) for leave to amend its answer to assert new counterclaims seeking reimbursement of amounts contributed to the settlement of a rent overcharge proceeding and for summary judgment dismissing the cause of action for breach of contract (second cause of action), unanimously affirmed, with costs. Order, same court and Justice, entered January 3, 2023, which, to the extent appealable, granted Bowery's motion for leave to reargue so much of its motion for summary judgment as sought dismissal of the cause of action for breach of contract (second cause of action), and upon reargument, adhered to its prior determination, unanimously affirmed, with costs. Order, same court and Justice, entered on or about May 25, 2023, which denied Bowery's motion for leave to renew its prior motion for leave to amend its answer to add counterclaims and denied Bowery's motion to strike plaintiffs' untimely opposition papers, unanimously affirmed, with costs.
Supreme Court providently denied Bowery's motion for leave to amend its answer to assert new counterclaims seeking reimbursement from plaintiffs of certain amounts paid by Bowery toward the settlement of a rent overcharge proceeding, as the proposed counterclaims were "palpably insufficient or clearly devoid of merit" (MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]). With respect to the proposed counterclaim titled "money judgment" (the third proposed counterclaim), Bowery failed to plead an underlying claim for the relief, but merely made a conclusory statement of the relief sought (see e.g. Cohen v Cohen, 25 AD3d 363, 363 [1st Dept 2006]). Bowery's reference to the parties' reservation of rights in the various settlement agreements is not persuasive because, as Supreme Court noted, a reservation of rights does not create new rights (Dee Cee Assoc. LLC v 44 Beehan Corp., 148 AD3d 636, 640 [1st Dept 2017]), and Bowery could have, but did not, negotiate for an express right to reimbursement.
Similarly, the proposed counterclaim for unjust enrichment (the fourth proposed counterclaim) is barred because the parties had entered into an agreement that governed the settlement (see Cox v NAP Constr. Co., Inc., 10 NY3d 592, 607 [2008]). Although a party generally need not elect its remedy as between unjust enrichment or breach of contract at the pleadings stage (see e.g. Vays v 139 Emerson Place, 94 AD3d 480, 482 [1st Dept 2012]), all the rights and obligations in dispute between the parties arise from the parties' 2014 purchase and sale agreement (2014 PSA) and the settlement agreements, rendering a counterclaim for unjust enrichment inapposite to the facts (Cox, 10 NY3d at 607).
The court providently denied leave to add a proposed counterclaim for overpayment (the fifth proposed counterclaim[*2]) because Bowery agreed to pay the settlement amount set forth in the respective agreements, and therefore that amount cannot constitute an overpayment. The court also providently denied leave to add a proposed counterclaim for breach of contract (the sixth proposed counterclaim) because nothing in the record suggests that the parties' free negotiation of a settlement in the overcharge proceeding constituted a breach of any other agreement or a breach of the implied covenant of good faith and fair dealing (see e.g. DRMAK Realty LLC v Progressive Credit Union, 133 AD3d 401, 403 [1st Dept 2015]).
We previously affirmed the finding that "Bowery's indemnity obligation to [plaintiffs] is subject to the limitations in section 14.1" of the 2014 PSA (Walsam 316, LLC v 316 Bowery Realty Corp., 201 AD3d 562, 563 [1st Dept 2022]). Nothing in that determination, the 2014 PSA, or the settlement agreements requires, or even suggests, that Bowery was not responsible for or otherwise relieved of its own liability for the claims pending against it in the overcharge proceeding.
Based on the foregoing, Supreme Court providently denied leave to renew based on the allegations in plaintiffs' December 19, 2022 amended legal malpractice complaint against its counsel in the overcharge proceeding, as there was no need to resort to extrinsic evidence in interpreting the unambiguous terms of the various agreements (see Ashwood Capital, Inc. v OTG Mgt., Inc., 99 AD3d 1, 7-8 [1st Dept 2012]). The proposed amendments were devoid of merit and thus, the court did not need to consider plaintiffs' late-filed opposition papers in order to deny renewal. Bowery was not prejudiced by the court's acceptance of the untimely papers under CPLR 2004, as the court accepted and considered Bowery's reply (see Sanchez v Steele, 149 AD3d 458, 458 [1st Dept 2017]).
As for Bowery's motion for summary judgment seeking dismissal of plaintiffs' cause of action for breach of contract — namely, the 2014 PSA — we agree with the motion court's determination on reargument that summary judgment dismissing that cause of action was not warranted in light of the allegations in the complaint that plaintiffs were improperly saddled with attorneys' fees incurred by Bowery. Bowery is correct that it is law of the case that the $100,000 attorney fee cap applied to the fees incurred in the overcharge proceeding and to the fees incurred in this action (Walsam 316, LLC, 201 AD3d at 563-564). However, plaintiffs do not allege that Bowery improperly drew down amounts in escrow for its own defense, but that plaintiffs were required to pay amounts toward Bowery's defense thereafter. Bowery's assertion that dismissal of the claim is warranted based on the exhaustion of the escrow amount therefore fails to refute the allegations in the complaint as a matter of law, regardless of the sufficiency of the opposition papers (see CPLR 3212[b]; Cugini v System Lbr. Co., Inc., 111 AD2d 114, 115 [1st Dept 1985], lv dismissed [*3]65 NY2d 1053 [1985]).
We have considered Bowery's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 30, 2024