Massoumi v Ganju (2024 NY Slip Op 02667)

Massoumi v Ganju

2024 NY Slip Op 02667

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Oing, J.P., González, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 654289/20 Appeal No. 2269-2270 Case No. 2023-01513, 2023-01514 

[*1]Cyrus Massoumi, Appellant,
v
Nikhil Ganju et al., Respondents.

Williams & Connolly LLP, New York (Kees D. Thompson of counsel), for appellant.
Orrick, Herrington & Sutcliffe LLP, New York (Christopher J. Cariello and William J. Foley of counsel), for respondents.

Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered March 10, 2023, dismissing plaintiff's third cause of action for a declaratory judgment, and bringing up for review an order, same court and Justice, entered February 10, 2023, which granted defendants' motion for partial summary judgment dismissing plaintiff's third cause of action, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Contrary to plaintiff's assertion, the instant CPLR 3212 motion is not barred by the single motion rule of CPLR 3211(e), which only applies to motions to dismiss and not to motions for summary judgment, even when the CPLR 3212 motion asserts similar grounds (see Tapps of Nassau Supermarkets v Linden Blvd., 269 AD2d 306, 307 [1st Dept 2000]).
The court properly dismissed the cause of action for declaratory relief. The sweeping declarations would inequitably affect the rights of nonparty ZocDoc (TIC Holdings v HR Software Acquisition Group, 194 Misc 2d 106, 109 [Sup Ct, NY County 2002], affd 301 AD2d 414 [1st Dept 2003]). To the extent plaintiff contends that ZocDoc would not be constrained by the declarations, he fails to explain how they would have any practical effect. Rather, plaintiff argues that defendants would have to act consistently with the declaration in taking or not taking unspecified actions in the future. A declaration should not issue where it would have no practical effect (Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 99-100 [1st Dept 2009], lv denied 15 NY3d 703 [2010]).
Moreover, the declarations sought by plaintiff that defendants committed fraud are wholly duplicative of the substantive fraud claim, and that is a further permissible basis for dismissal (Apple Records v Capitol Records, 137 AD2d 50, 54 [1st Dept 1988]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024