Per Curiam.

On June 30,1971, on the application of tenants, the District Rent Director found the demised premises subject to rent control, but established a maximum rent of $1 per month for each apartment on the ground that occupancy of the apartments for residential purposes was unlawful. In 1972, landlord’s protests from the orders of the District Rent Director were heard by the Commissioner of the Department of Rent and Housing Maintenance. By order dated July 11, 1972, the Commissioner fixed $100 per month as the maximum rent of tenant Luchetti’s apartment and $85 per month as the maximum rent of tenant Rigai’s apartment.
Tenant’s counsel had argued before the Commissioner that “ the landlord complains that the maximum rent was set at $1.00. However, the failure of the landlord to obtain a legal certificate of occupancy [for the demised apartments] is conceded. Multiple Dwelling Law § 302 prohibits the recovery of rent in such a case. The District Director’s order therefore does no more than restate the law governing the situation.”
Clearly, then, the issue whether landlord could recover rent from tenants was litigated before the Rent Commission and decided adversely against tenants. They instituted no CPLR article 78 proceeding to review his order. Consequently, Ms order is res judicata on the issue (Matter of Evans v. Monaghan, 306 N. Y. 312; Matter of Coyle v. Gabel, 26 A D 2d 638, affd. 21 N Y 2d 808; Matter of Ess Pee Bee Realty Corp. v. Gabel, 22 A D 2d 207, affd. 16 N Y 2d 524; Matter of 609 Holding Corp. v. McGoldrick, 204 Misc. 26) and could not be collaterally attacked in tMs summary proceeding (746 Realty Corp. v. Stevens, N. Y. L. J., Aug. 30, 1972, p. 2, col. 1 [App. Term, 1st Dept.]). “ When the agency or body charged with the responsibility of implementing the statute makes a determination which has ‘ warrant in the record and a reasonable basis in law ’, then the judicial function is exhausted and the Board’s determination should be accepted by the courts. [Citing cases.] ” (Matter of County of Ulster v. CSEA Unit of Ulster County Sheriff’s Dept., 37 A D 2d 437, 440).
The final judgments and order should be affirmed, with $25 costs.