OPINION OF THE COURT
Sidney Rosen, J.
Petitioner commenced this nonpayment proceeding against the respondents and claimed that there were rent arrears due for several months based upon a monthly rental of $528.33 commencing with September 1, 1987. The tenant’s lease had expired on August 31, 1987 and the rent as recited therein was $490.50. The landlord’s notice of a renewal lease addressed to the tenant was postmarked September 1, 1987 and received by the tenant the next day. The tenant appeared pro se and contends that he is not subject to the rent increase as demanded in the petition.
*924 We are thus presented with the issue — what is the effect of an owner’s failure to offer a renewal lease to a rent-stabilized tenant within the "window period” of not less than 120 days and not more than 150 days prior to the expiration date of the lease as provided in section 2523.5 (a) of the Rent Stabilization Code (9 NYCRR) as amended May 1, 1987?
Section 2523.5 (c) provides the answer in the following manner: "Where the owner fails to timely offer a renewal lease or rental agreement in accordance with subdivision (a) of this section, the one or two year lease term selected by the tenant shall commence at the tenant’s option, either (1) on the date a renewal lease would have commenced had a timely offer been made or (2) on the first rent payment date occurring no less than 120 days after the date that the owner does offer the lease to the tenant. In either event, the effective date of the increased rent under the renewal lease shall commence on the first rent payment date occurring no less than 120 days after such offer is made by the owner, and the rent guidelines rate applicable shall be no greater than the rate in effect on the commencement date of the lease for which a timely offer should have been made.”
The quoted section thus provides the tenant with the option of selecting the commencement date and rent increase most favorable to him, although I must admit to having encountered some difficulty with the language employed in spelling out the applicable rent guidelines rate. Clearly, however, there is an apparent intent to penalize the owner in these circumstances.
The landlord’s failure to comply with the statutory procedure set in motion the exercise by the tenant of the option provided to him by section 2523.5 (c). The notice requirement of the statute is strictly construed so that where an owner gave notice to a tenant of his intention not to offer a renewal lease 219 days prior to the expiration of the lease, the Appellate Term, First Department, affirmed an order dismissing a holdover proceeding (24 W. 96th St. Realty Corp. v Ewing, NYLJ, Oct. 19, 1987, at 9, col 2).
At the conference conducted by the court in this matter, the tenant indicated that he desired a one-year lease under option (2) of the statute. The court finds, therefore, that the tenant is entitled to a one-year lease commencing January 1, 1988, that being the first rent payment date occurring no less than 120 days after September 1, 1987, the date that the landlord *925 offered him a renewal lease. In the intervening period, the landlord’s claim for monthly rent in excess of the rent reserved in the expired lease, to wit, $490.50, is unwarranted and the petition must be dismissed.
As a general rule, it would not be the function of the Housing Court to make a determination with respect to the amount of the monthly rent of the renewal lease. It is the rent agency that has priority or primacy of jurisdiction (520 E. 81st St. Assocs. v Lenox Hill Hosp., 38 NY2d 525; Chatsworth 72nd St. Corp. v Rigai, 74 Misc 2d 298, affd 43 AD2d 685, affd 35 NY2d 984).
In the instant matter, however, the "determination” of the maximum rent has already been established by the rent stabilization regulation and requires the court merely to translate the same into dollars and cents. This serves the interest of judicial economy as well as a resolution of the entire controversy.
Had the notice of the lease renewal been timely served, the commencement date of the new lease would have been September 1, 1987, at which time the rent guidelines rate of increase was 6% for a one-year lease. Landlord’s noncompliance with the notice requirement and the resultant commencement of the new lease term on January 1, 1988 entitles him to a rent increase of 3%, in accordance with the rent guidelines in effect for renewals beginning October 1, 1987. Thus, the monthly rent of the renewal lease is $505.22.