■ In the Matter of DAVID FRANKEL REALTY Co., INC., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents.—Order, Supreme Court, New York County (Franklin R. Weissberg, J.), entered November 8, 1990, which dismissed a petition brought pursuant to CPLR article 78 seeking a review of an administrative determination of respondent Division of Housing and Community Renewal, dated February 7, 1990, which imposed civil

penalties upon petitioner, after a hearing, for failure to comply with an order of the District Rent Administrator dated December 9, 1986, unanimously affirmed, without costs.

A complaint was filed alleging that petitioner had decreased services at its building by eliminating the position of handyman and terminating two doorman shifts. After petitioner answered and an inspection was conducted, the District Rent Administrator issued an order directing restoration of the services. When services were not restored, the tenants filed an Affirmation of Non-Compliance. After a hearing, an order issued finding that petitioner had failed to comply with the previous order, fining petitioner $1,500, and barring it from applying for or collecting rent increases until compliance with the order.

Petitioner then commenced this article 78 proceeding, which was denied and dismissed by Supreme Court. The court properly found that the order was supported by evidence in the record, was thus not arbitrary or capricious, or an abuse of the agency's discretionary powers (*Matter of Pell v Board of Educ.*, 34 NY2d 222). Further, the arguments raised by petitioner in this article 78 proceeding constitute a collateral attack upon the order, which should have been raised in a timely filing of a Petition for Administrative Review challenging said order (*Chatsworth 72nd St. Corp. v Rigai,* 71 Misc 2d 647, *affd* 74 Misc 2d 298, *affd* 43 AD2d 685, *affd* 35 NY2d 984). The original order was clear and unambiguous in requiring petitioner to restore the reduction in services. Nor must a willful violation be established before the imposition of penalties pursuant to Rent Stabilization Law (Administrative Code of City of New York) § 26-516 (a), (c).

We have considered petitioner's remaining arguments and find them to be without merit. Concur—Carro, J. P., Rosenberger, Kupferman, Ross and Rubin, JJ.