ARNAV INDUSTRIES, INC., Appellant, v JODY PITARI, Respondent. [918 NYS2d 479]—

Defendant's second defense and first counterclaim alleges that plaintiff is barred by Multiple Dwelling Law § 302 from collecting the rent defendant has withheld because the building has no certificate of occupancy and her apartment has no second means of fire egress. Plaintiff established prima facie entitlement to summary judgment on the Multiple Dwelling Law § 302 defense. In an affidavit in support of the motion, plaintiff's architect stated that no new permanent certificate of occupancy had been issued because the Department of Buildings will not issue a new permanent certificate of occupancy so long as there is work being done in a building. The architect further stated that there is work being done unrelated to defendant's apartment. This delay in obtaining a new certificate of occupancy for the building is not because plaintiff engaged in any "illegality"

(*see Chatsworth 72nd St. Corp. v Rigai*, 71 Misc 2d 647, 651-652 [1972], *affd* 74 Misc 2d 298 [1973], *affd* 43 AD2d 685 [1973], *affd* 35 NY2d 984 [1975]). The temporary certificates of occupancy issued for defendant's 14th-floor apartment and the 14th floor demonstrate no code violations for construction on the 14th floor (*see* Multiple Dwelling Law § 301 [4]). Thus, plaintiff established that "the absence of the required certificate of occupancy [did not] adversely affect[ ] the habitability of the structure or render[ ] [defendant's] residential occupancy criminal or illegal" (*446 Realty Co. v Higbie*, NYLJ, Nov. 20, 2000, at 28, col 3 [Civ Ct, NY County, Hoffman, J.]).

In opposition, defendant failed to present evidence in admissible form that refuted plaintiff's evidence. Defendant submitted only an unsworn letter and an unsworn report from an architect stating that his investigation revealed numerous defects in plaintiff's application to subdivide defendant's apartment and the other 14th-floor apartments. Defendant also failed to raise an issue of fact as to her claim of breach of the warranty of habitability since she submitted no evidence to support the claim (*see Park W. Mgt. Corp. v Mitchell*, 47 NY2d 316, 328 [1979], *cert denied* 444 US 992 [1979]).

Plaintiff's claim for rent arrears is governed by a six-year statute of limitations that runs on each payment of rent from the date it becomes due (*see IG Second Generation Partners, LP v Kaygreen Realty Co.*, 22 AD3d 463, 465-466 [2005]; *Lemle 58th LLP v Wolf*, 20 Misc 3d 1133[A], 2008 NY Slip Op 51713[U], *2 [2008]). Concur—Mazzarelli, J.P., Andrias, Catterson, Moskowitz and Román, JJ.