1245 Stratford, LLC v Osboume (2024 NY Slip Op 51562(U))

[*1]

1245 Stratford, LLC v Osboume

2024 NY Slip Op 51562(U)

Decided on November 15, 2024

Civil Court Of The City Of New York, Bronx County

Lutwak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 15, 2024
Civil Court of the City of New York, Bronx County

1245 Stratford, LLC, Petitioner-Landlord,

against
Gloria Osboume, Respondent-Tenant.

L&T Index No. 327144/2022

Petitioner's Attorney: Hart Schwartz, Esq.
Firm Name: MARK H. COHEN & ASSOCIATES, P.C. 
Address: 1942 Williamsbridge Road, 2nd Fl, Bronx, NY 10461 
Phone: (718) 933-1710
E-mail: harts@bronxevictions.com
Respondent's Attorney: Liana McClellan Goff, Esq.
Firm Name: MOBILIZATION FOR JUSTICE, INC.
Address: 100 William Street, 6th Fl, New York, NY 10038 
Phone: (929) 677-6408
E-mail: lgoff@mfjlegal.org

Diane E. Lutwak, J.

Recitation, as required by CPLR Rule 2219(A), of the papers considered in the review of Respondent's Motion to Dismiss (m seq No.2) and Petitioner's Cross-Motion for an Order Denying Respondent's Motion and Transferring Case to Part X for Trial (m seq #3), consolidated herein for disposition:[FN1]

PAPERS                        
NYSCEF DOC #
Respondent's Notice of Motion 13
Respondent's Attorney's Affirmation in Support 14
Respondent's Affidavit in Support 15
Respondent's Memorandum of Law in Support 16
Respondent's Exhibits A-E in Support 17-21
Petitioner's Attorney's Affirmation in Opposition 27
Respondent's Attorney's Reply Affirmation 28
Petitioner's Exhibits 1-3 30-32
Petitioner's Notice of Cross-Motion 33
Petitioner's Attorney's Affirmation in Support of Cross-Motion 34
Petitioner's Exhibits A-F in Support of Cross-Motion 35
Respondent's Attorney's Affirmation and Memo of Law in Opposition to Cross-Motion 38
Respondent's Exhibits AA-CC 39-41
Petitioner's Attorney's Reply Affirmation 42
Petitioner's Reply Memorandum of Law 43
Petitioner's Affirmations (3) in Reply 44
Petitioner's Exhibits A-C in Reply 45
Upon the foregoing papers, and for the reasons stated below, Respondent's motion to dismiss is granted, Petitioner's cross-motion is denied, and this proceeding is dismissed.
PROCEDURAL HISTORY & FACTUAL BACKGROUND
This is a nonpayment eviction proceeding against the tenant of a Rent Stabilized apartment at 1255 Stratford Avenue in the Bronx based on a petition seeking rent arrears of $20,469.85 for the period of March 2020 through September 2022. Respondent pro se filed an answer using the court's form, raising a "general denial" and defenses of defective service of the notice of petition and petition, payment, and breach of the warranty of habitability. Respondent then retained counsel and, due to Respondent's filing of an application for "ERAP" (COVID-19 Emergency Rent Assistance Program), the case was stayed and placed on the court's ERAP Administrative Calendar.
After receiving an ERAP payment that covered part but not the full rent arrears sued for, on May 9, 2023 Petitioner filed a motion to vacate the ERAP stay, restore the case to the calendar, amend the petition to date, enter a judgment of possession and issue a warrant of eviction. By stipulation dated June 12, 2023 Petitioner's motion was granted on consent to the extent of vacating the ERAP stay, restoring the case to the calendar and amending the petition to date. The proceeding was adjourned for Respondent to file an amended answer and opposition to the unaddressed portions of Petitioner's motion.[FN2]
Respondent's amended answer raised defenses of lack of personal jurisdiction, defective rent demand, illegal alteration of the building and failure to obtain a valid certificate of occupancy (C of O), laches, and breach of the warranty of habitability; the amended answer also includes counterclaims seeking an order to correct conditions, abate the rent and award attorney's fees.
After opposing Petitioner's motion, Respondent moved to dismiss under CPLR R 3211(a)(1) and (7) on three grounds: (1) under Multiple Dwelling Law (MDL) §§ 301 and 302 due to failure to obtain a C of O after making illegal alterations to the building; (2) defective rent demand; and (3) lack of personal jurisdiction due to defective service of process. In her supporting affidavit sworn to July 25, 2023 Respondent asserts that (1) New York City Department of Buildings (DOB) records show that the building was illegally altered to create additional housing units without obtaining a C of O; (2) the rent demand is defective because it does not reflect receipt of earmarked payments for the first two months allegedly due (March and April 2020); and (3) service of the notice of petition and petition was defective under RPAPL § 735 because only one copy was received, at the door of the apartment.
The claim of illegal alterations is elaborated in a supporting affirmation of Respondent's attorney and accompanying documents including the building's I-Card and a printout from a New York City government website [Exhibits A & B/NYSCEF Doc ## 17 & 18] showing that 1255 Stratford Avenue was erected in 1928 and has 70 apartments, comprised of 225 rooms. Respondent's attorney asserts Petitioner illegally altered the building to increase the number of dwelling units on the third, fourth and sixth floors [FN3]
without obtaining a C of O and for which DOB has placed violations, evidenced by DOB "OATH/ECB [FN4]
Violation Details" reports as follows:
• Violation # 35025022J, "Class 3 Severity", issued 10/7/2013 for "work without a permit . . . partition with door opening subdividing living room into two separate rooms in apartment C3 and apartment C4" [Exhibit C/NYSCEF Doc # 19]; and
• Violation # 35129571Z, "Class 2 Severity", issued 7/2/2015 for "[r]esidence altered as a dwelling for more than the number of families legally authorized by the C of O or official records. Note: At the time of inspection on the 4th fl. apt. (D8) (four) SRO's with locking device" [Exhibit D/NYSCEF Doc # 20].
Respondent argues that the supporting documents establish that Petitioner is in violation of the MDL which prohibits occupancy of multiple dwellings constructed on or after April 18, 1929, and those constructed prior to that date that subsequently are changed or altered, "until the issuance of a certificate of compliance or occupancy." MDL § 301(2). Under MDL § 302(1)(b), where a multiple dwelling is occupied in violation of the requirement to maintain a proper C of O, "No rent shall be recovered by the owner of such premises for said period, and no action or special proceeding shall be maintained therefor, or for possession of said premises for nonpayment of such rent." Citing to Chazon, LLC v Maugenest (19 NY3d 410, 948 NYS2d 571, 971 NE2d 852 [2012]), Matter of GVS Props LLC v Vargas (172 AD3d 466, 100 NYS3d 230 [1st Dep't 2019]), Matter of 49 Bleecker, Inc v Gatien (157 AD3d 619, 69 NYS3d 863 [1st Dep't 2018]), W 48th Holdings LLC v Eliyahu (64 Misc 3d 133[A], 116 NYS3d 843 [App Term 1st Dep't 2019]), and caselaw from lower courts, Respondent argues that this nonpayment proceeding should be dismissed because the DOB violation reports reflect that Petitioner illegally altered the building, created additional rooms on the third, fourth and sixth floors after April 18, 1929, and did not secure a C of O to reflect those alterations.
In the alternative, Respondent argues that because the rent demand and service of process [*2]were defective the proceeding should be dismissed or set down for a hearing.
After a number of adjournments, on May 10, 2024 Petitioner filed opposition to Respondent's motion to dismiss, comprised of its attorney's affirmation and various documents including a DOB document [Exhibit B/NYSCEF Doc # 27 at pp 10-11] entitled "Overview for Complaint # 2218210 = RESOLVED" at 1245 Stratford Avenue describing a "Partial Vacate Order" issued on October 28, 2015 for "ILLEGAL SRO 
@ SW CORNER OF CELLAR CONTRARY TO RECORDS, NO 2ND EGRESS", rescinded on February 7, 2024. Petitioner opposes each of Respondent's arguments, asserting that the building was not altered, the DOB violations were issued in error, and Exhibit B reflects that DOB fully rescinded the alleged violations; Respondent was properly served with the notice of petition and petition as evidenced by the process server's affidavit [Exhibit C/NYSCEF Doc # 27 at pp 12-13]; and the rent demand is sufficient on its face. Petitioner further requests that there be no more delays in this proceeding, as Respondent's rent arrears were $23,154.95 as of May 2024 [Exhibit E/NYSCEF Doc # 27 at pp 18-25].
In reply, Respondent's attorney reiterates the original arguments for dismissal and points out that the DOB document Petitioner included with its opposition papers does not relate to a violation in the subject building at 1255 Stratford Avenue but rather to one in a neighboring building at 1245 Stratford Avenue, also owned by Petitioner.
Petitioner filed three additional documents on July 29, 2024:
• Exhibit 1 [NYSCEF Doc # 30]: DOB OATH/ECB document reflecting resolution of Violation # 35129571Z ("Certificate Accepted") as of 2/26/2024, with a $6200 payment.
• Exhibit 2 [NYSCEF Doc # 31]: 2-year Renewal Lease (3/1/2010 - 2/28/2012), between Petitioner and Teodoro Perez for Apt. C3 at 1255 Stratford Avenue.
• Exhibit 3 [NYSCEF Doc # 32]: 2-year Renewal Lease (6/1/2010 - 5/31/2012), between Petitioner and Domingo Diaz for Apt. C4 at 1255 Stratford Avenue.
Notes in the court's database indicate that Respondent's motion was adjourned on July 29, 2024 to August 12, 2024 for argument. However, on August 8, 2024 Petitioner filed a cross-motion seeking an order denying Respondent's motion to dismiss and sending the case out to Part X for immediate trial. Various documents accompany the cross-motion as exhibits [NYSCEF Doc # 35], including:
• Exhibit A: another copy of the DOB document indicating that OATH/ECB Violation # 35129571Z was resolved as of 2/26/2024 after payment of a $6200 penalty.
• Exhibit B: unsworn statements dated 7/31/2024 addressed "To Whom It May Concern" from Rosa Ramirez and Eliodora del C Fernandez, tenants respectively of Apartments C3 and C4 at 1255 Stratford Avenue, stating they erected partitions in their living rooms "to accommodate my family needs" and "I don't agree for the landlord to have the petition removed".
• Exhibit C: Affidavit of Petitioner's managing agent Thomas Steiner, sworn to 8/8/2024, asserting that neither he nor anyone who works for Petitioner altered 1255 Stratford Avenue; the fourth floor alterations were corrected, as reflected in the DOB Certificate of Correction [Exhibit A]; Apartments C3 and C4 on the third floor were altered by the tenants residing in those units, as evidenced by their letters [Exhibit B], prior to Petitioner's acquisition of the building; the tenants of Apartments C3 and C4 have not allowed Petitioner to correct the illegal alterations, "despite Petitioner's multiple requests for access into the units to repair these alterations", Steiner Affidavit at ¶ 13; and [*3]Respondent owes rent arrears of $25,139.42 [Exhibit F] through August 2024 and dismissal would cause Petitioner great financial hardship.
In a supporting affirmation, Petitioner's attorney cites to Chatsworth 72nd Street Corp v Rigai (71 Misc 2d 647, 336 NYS2d 604 [Civ Ct NY Co 1972], aff'd, 74 Misc 2d 298, 345 NYS2d 355 [App Term 1973], aff'd, 43 AD2d 685, 351 NYS2d 636 [1st Dep't 1973], aff'd on the opinion of the Civil Court, 35 NY2d 984, 365 NYS2d 531, 324 NE2d 888 [1975]); Arnav Indus, Inc v Pitari (82 AD3d 557, 557-58, 918 NYS2d 479, 480 [1st Dep't 2011]); and Zev Ger Inc v Garcia (76 Misc 3d 1205[A], 173 NYS3d 439 [Civ Ct Kings Co 2022]), and argues that dismissal is unwarranted as the delay in obtaining a new C of O for the building is due to actions of other tenants who have blocked Petitioner's compliance efforts and not due to any illegality by Petitioner, which is "diligently trying to remove the illegal alterations in order to obtain a valid [C of O]", Attorney's Affirmation at ¶ 15. Petitioner further argues that it would undermine New York City public policy to prohibit Petitioner from collecting rent "where tenants actively prevent a landlord from obtaining a valid [C of O]," id at ¶ 22; setting such a precedent "would open the floodgates to similar tenant actions" and undermine landlords' ability to collect sufficient rental revenues to maintain the quality of the housing stock," id at ¶ 23; and "it would be absurd, unjust, and contrary to standard contract principles to allow a party to benefit from a third party's intentional rendering impossible of contractual performance", id at ¶ 29, which could lead to collusion among tenants to block issuance of a C of O leaving landlords unable to collect rent.
Petitioner argues that the cases cited by Respondent are inapposite because they involve situations where the landlord, not the tenant, was responsible for the failure to obtain a valid C of O and here it is tenants who are responsible, not Petitioner, who "should be allowed to collect rent both for the subject premises and for any other apartment in the subject building," id at ¶ 39.Petitioner reiterates its arguments opposing Respondent's alternative grounds for dismissal (lack of personal jurisdiction and defective rent demand) and further asserts that Respondent waived her challenge to personal jurisdiction by actively participating in this proceeding over a long period of time and raising unrelated counterclaims.
In opposition to Petitioner's cross-motion Respondent acknowledges that on February 26, 2024 DOB accepted Petitioner's Certificate of Correction for DOB # 35129571Z but asserts that DOB Violation # 35025022J has not been corrected and, further, on June 25, 2024 DOB issued a vacate order and two additional DOB "Class 1 Severity" violations, # 39117660H and # 39117662L [Exhibit AA/NYSCEF Doc # 39], for illegal alterations to and occupancy of the cellar.
Respondent argues initially that Petitioner's cross-motion should be denied due to various procedural defects:
• The notice of cross-motion is defective as it fails to accurately describe the supporting papers and lacks any reference to the authority for the relief sought.
• The supporting attorney's affirmation is defective as it fails to include language required by CPLR § 2106.
• Petitioner's papers exceed the word limit set by 22 NYCRR § 202.8-b(e).
• The cross-motion improperly raises new facts and arguments that Petitioner should have raised earlier.
On the merits, Respondent argues that the proceeding must be dismissed as there are still open DOB violations, Respondent did not prevent Petitioner from correcting them and until they are [*4]all resolved Petitioner may not collect rent. Further, even if all DOB violations were corrected, Petitioner would still be barred from collecting rent for the period of non-compliance, citing to, inter alia, GMT 3435 Realty LLC v Hyman (83 Misc 3d 1287[A], 216 NYS3d 508 [Civ Ct Bx Co 2024]). Responding to the policy and fairness arguments, Respondent argues they are undermined by Petitioner's own failure to take action to remove the DOB violations. Further, Respondent argues that the rent demand is defective as it seeks payment of arrears during a period when there were open DOB violations.
Petitioner filed reply papers consisting of its attorney's affirmation, a memorandum of law, another affirmation from its agent Thomas Steiner and affirmations from the tenants of Apartments C3 and C4, Rosa A. Ramirez Perez and Eleodora del Carmen Fernandez, along with copies of their current leases. Initially, Petitioner counters each of Respondent's arguments challenging the sufficiency and procedural propriety of Petitioner's cross-motion papers with the following arguments:
• On a cross-motion under CPLR R 2215 it is permitted to raise new facts and legal argument.
• The cross-motion's reference to the affirmation of Mark Cohen, Esq. dated August 7, 2024, when the affirmation is that of Mr. Cohen's associate Hart Schwartz, Esq. dated August 9, 2024, is a minor error that should be disregarded under CPLR § 2001 as there is no substantial prejudice.
• There is no requirement that the notice of motion list the statutory or regulatory basis for the motion, and the cross-motion's requested relief "of denying dismissal and immediate trial, implicitly, and clearly, relates to denying the grounds for dismissal brought forward by Petitioner in its underlying main Motion to Dismiss", Reply Memorandum of Law at p 10.
• The attorney's affirmation in support of the cross-motion is sufficient under CPLR § 2106 and, even it that statute is not fully complied with, the court should disregard any irregularities under CPLR § 2001 as there is no substantial prejudice.
• The word-count rule cited by Respondent, 22 NYCRR § 202.8-b(e), is found in the Uniform Rules for New York State Supreme and County Courts, does not apply here in the Housing Part of the New York City Civil Court and, even if it were to apply, it should be waived given the complexity of the arguments presented.
On the merits, Petitioner reiterates that the illegal alterations to Apartments C3 and C4 were created by the tenants residing in those apartments, not by Petitioner; there is no indication that those alterations created substandard housing; Petitioner cannot gain access to those apartments to remove the illegal partitions despite "multiple access attempts" as asserted in Petitioner's agent's affidavit at ¶ 13; and the tenants of those apartments "are longtime tenants in good standing", Reply Affirmation at ¶ 21, who are not parties to this proceeding. The tenants of Apartments C3 and C4 both affirm that they: have lived in the building since prior to 2009; erected partitions in their living rooms prior to 2009 "in order to accommodate the needs of my family"; "don't agree for the landlord to have the partition in the apartment removed"; and "do not want to grant access" to Petitioner for such removal.
In his reply affirmation, Petitioner's agent Thomas Steiner verifies that, as to the two new DOB violations for illegal occupancy of the cellar at 1255 Stratford Avenue, raised in Respondent's opposition papers, "the illegal residential occupants have moved out and these [*5]persons no longer occupy or use the cellar space at 1255 Stratford Avenue."[FN5]

Petitioner's attorney reiterates its legal arguments arising under the Court of Appeals' decision in Chatsworth, supra, and disputes Respondent's argument that the Court of Appeals rejected Chatsworth in Chazon, supra. Petitioner also cites to and quotes from Caldwell v American Package Co, Inc (57 AD3d 15, 866 NYS2d 275 [2nd Dep't 2008]), a pre-Chazon case, and asks this court, "to extend the ruling of Chatsworth, as reinforced by Caldwell, to the instant proceeding and to estop the use of MDL § 302 as a defense for Respondent." Attorney's Reply Affirm at ¶ 39. Petitioner asserts that the issue presented is one of first impression, where "tenants of the building, but not tenants named in the non-payment proceeding, prevent the landlord from obtaining a valid [C of O]", id at ¶ 29, and posits that "an even graver situation is presented than that in Chatsworth", id at ¶ 30, arguing that allowing these violations to prevent collection of rent would create an "absurd result", could lead to collusion among tenants, would defeat the purpose of the Multiple Dwelling Law, would constitute an unconstitutional regulatory taking and violation of both substantive and procedural due process under the Fifth Amendment as applied to the States under the Fourteenth Amendment, and would undermine the sanctity and basic operation of the contractual system.
Alternatively, Petitioner asks the court to "provide an exception by implication" and allow the collection of rent despite the existence of building violations. Petitioner acknowledges that there are steps it could take to secure removal of the violations — "a holdover or illegal use summary proceeding, or an action for ejectment, or a request for an injunction in Supreme Court with civil contempt penalties for enforcement" — but notes that they "may all fail and would be expensive and time-consuming". Reply Affirm at ¶ 33. Petitioner asks the court to consider the inequity against the tenants of Apartments C3 and C4 if they are forced to remove their illegal partitions, which do not implicate the public policies underlying the Multiple Dwelling Law, found in MDL § 2 ("Legislative finding").
DISCUSSION
As a preliminary matter, Respondent's procedural challenges to the form and length of Petitioner's cross-motion papers are for the most part insignificant and will be disregarded under CPLR § 2001, as they cause no prejudice. However, Petitioner's cross-motion itself is functionally improper: It seeks an order denying Respondent's motion to dismiss and sending the case out to trial but does not seek affirmative relief beyond what will happen in the ordinary course if the court denies Respondent's motion to dismiss. Accordingly, Petitioner's cross-motion papers will be treated as an elaboration of its opposition to Respondent's motion to dismiss.
On the merits of Respondent's motion, the starting point is the rule that multiple dwellings erected on or after April 18, 1929, and those built before that date that are thereafter altered, are not permitted to be occupied until the issuance of a certificate of compliance or [*6]occupancy. MDL § 301. The penalties for unlawful occupancy are set forth in MDL § 302, which include in subsection (1)(b): "If any dwelling or structure be occupied in whole or in part for human habitation in violation of [MDL § 301], no rent shall be recovered by the owner of such premises for said period, and no action or special proceeding shall be maintained therefore, or for possession of said premises for nonpayment of such rent." See Chazon, LLC v Maugenest (19 NY3d 410, 948 NYS2d 571, 971 NE2d 852 [2012]); Matter of GVS Props LLC v Vargas (172 AD3d 466, 100 NYS3d 230 [1st Dep't 2019]). Rent is not retroactively recoverable for any period of noncompliance. Fields v Adelman (35 Misc 3d 130[A], 950 NYS2d 722 [App Term 2nd Dep't 2012]); Misir v Gilbert (19 Misc 3d 136 [A], 862 NYS2d 816 [App Term 2nd Dep't 2008]); GMT 3435 Realty LLC v Hyman (83 Misc 3d 1287[A], 216 NYS3d 508 [Civ Ct Bx Co 2024]).
While the penalty may be harsh, as explained by the Court of Appeals in Chazon, arguments to the contrary do not explain " . . . how they can be reconciled with the text of the statute. They simply cannot. Multiple Dwelling Law § 302(1)(b) bars not only an action to recover rent, but also an 'action or special proceeding . . . for possession of said premises for nonpayment of such rent.' This is such an action, and it is barred. If that is an undesirable result, the problem is one to be addressed by the Legislature." Chazon, supra (19 NY3d at 416, 948 NYS2d at 574, 971 NE2d at 855). The ruling in Chazon, involving a housing unit subject to the Loft Law, MDL Art. 7-C, applies equally to housing units in all multiple dwellings subject to the MDL. Matter of GVS Props LLC v Vargas, supra (172 AD3d at 466, 100 NYS3d at 231); Matter of 49 Bleecker, Inc. v Gatien (157 AD3d 619, 69 NYS3d 863 [1st Dep't 2018]); W 48th Holdings LLC v Eliyahu (64 Misc 3d 133[A], 116 NYS3d 843 [App Term 1st Dep't 2019]); Tsai v JCHHB, Inc (2024 NY Slip Op 31672[U] [Sup Ct NY Co May 10, 2024]); True Grp LLC v Espada (No. LT-302603-22/NY, 2024 NY Misc. LEXIS 13752 [Civ Ct NY Co Apr 29, 2024]); E Harlem MEC Parcel C, LP v Smalls (2023 NY Slip Op 34672[U] [Civ Ct NY Co Sept 14, 2023]); 1165 Fulton Ave HDFC v Goings (65 Misc 3d 1210[A], 119 NYS3d 9 [Civ Ct Bx Co 2019]).
Here, the relevant period is March 2020, the first month sued for in the Petition, through June 12, 2023, the date as of which the Petition was amended under the parties' stipulation. During this period, the existence of two DOB violations is undisputed: The first is a violation for "Construction/Work Without a Permit", Violation # 35025022J, issued on October 7, 2013, "Severity Class 3", for erection of partitions subdividing the living rooms in Apartments C3 and C4, for which the remedy is, "Restore Apts to Prior Legal Condition". The second is a violation for "Quality of Life/Residence Altered for Occupancy as a Dwelling for More Than the Legal Approved Number of Families", Violation # 35129571Z, issued on July 2, 2015, "Severity Class 2" for creation of four "SROs" (single-room occupancy units) in Apartment D8, thereby exceeding the legally authorized number of dwelling units in the building. It is also undisputed that there is no Certificate of Occupancy on record for 1255 Stratford Avenue, a 70-unit apartment building constructed prior to 1929.
The second of these two DOB violations, based on the finding of four SROs with locking devices within Apartment D8, Violation # 35129571Z, clearly requires dismissal of this proceeding. This set of facts mirrors those of W 48th Holdings LLC v Eliyahu, supra, where the Appellate Term held, "Notwithstanding that the building was constructed prior to the requirement for obtaining a certificate of occupancy, landlord's subdivision of two apartments into four units constituted substantial alterations which require the building to have a certificate of occupancy." The creation of additional housing units not authorized by official records [*7]directly implicates the public policy noted in MDL § 2 ("Legislative finding"): To establish and maintain "proper housing standards requiring sufficient light, air, sanitation and protection from fire hazards" for multiple dwellings. 
Petitioner argues that this violation was corrected in February 2024. However, it was unresolved throughout the relevant period and warrants dismissal of this proceeding as rent is not retroactively recoverable for any period of noncompliance. Fields v Adelman (35 Misc 3d 130[A], 950 NYS2d 722 [App Term 2nd Dep't 2012]); Misir v Gilbert (19 Misc 3d 136 [A], 862 NYS2d 816 [App Term 2nd Dep't 2008]); GMT 3435 Realty LLC v Hyman (83 Misc 3d 1287[A], 216 NYS3d 508 [Civ Ct Bx Co 2024]); 936 TYH RM Bronx LLC v Brujan (2022 NY Slip Op 33642[U], ¶ 3 [Civ Ct Bx Co Oct 24, 2022]). As in 1165 Fulton Ave HDFC v Goings (65 Misc 3d 1210[A], 119 NYS3d 9 [Civ Ct Bx Co 2019]), "pursuant to the holding of Chazon and its progeny, the very existence of an open ECB violation that states the premises is being occupied in a manner contrary to the Certificate of Occupancy mandates dismissal of this action pursuant to CPLR R 3211(a)(7), MDL § 301, and MDL § 302."
Petitioner devotes the bulk of its papers to arguing that the other violation — Violation # # 35025022J, for the partitions in Apartments C3 and C4 - does not warrant dismissal of this proceeding. Were this the only violation at issue it might have been appropriate to consider whether those partitions are the type of alterations that, without more facts than were presented here, warrant denial of a motion under CPLR R 3211.[FN6]
 However, it is not necessary to reach this issue given the court's finding that dismissal is required due to the violation for illegal SROs in Apartment D8.
Petitioner's arguments under Chatsworth 72nd Street Corp v Rigai (71 Misc 2d 647, 336 NYS2d 604 [Civ Ct NY Co 1972], aff'd, 74 Misc 2d 298, 345 NYS2d 355 [App Term 1973], aff'd, 43 AD2d 685, 351 NYS2d 636 [1st Dep't 1973], aff'd on the opinion of the Civil Court, 35 NY2d 984, 365 NYS2d 531, 324 NE2d 888 [1975]), are misplaced. The post-Chazon cases cited above all treat Chatsworth as having been overruled by Chazon. See also, e.g., Trafalgar Co v Malone (73 Misc 3d 137[A], 155 NYS3d 272 [App Term 1st Dep't 2021]), and Momart Disc Store Ltd v Rossi (2016 NY Slip Op 32165[U], ¶ 6 [Civ Ct NY Co July 18, 2016]). In any event, Chatsworth—a nonpayment proceeding against respondent-tenants who refused both to pay rent and to allow their landlord to bring their apartments into compliance with building code requirements after they secured a finding of Rent Control status from the New York State Division of Housing and Community Renewal, which directed them to pay rent at rates set by that agency—addressed a very different set of facts and does not warrant the result now urged by [*8]Petitioner. Here, the respondent-tenant has neither caused the violation nor interfered with the petitioner-landlord's ability to pursue an array of remedies. The limited scope of the Chatsworth decision was explained in Caldwell v American Package Co, Inc (57 AD3d 15, 17, 866 NYS2d 275, 276 [2nd Dep't 2008]), a pre-Chazon case involving commercial premises illegally occupied by tenants for residential use. The appellate court in Caldwell overturned the lower court's award of use and occupancy pendente lite to the owner under MDL § 302, noting that with this statute, "The Legislature further decided to cast upon the owner the obligation to ensure compliance by expressly depriving the owner of any entitlement to rent or other remuneration in the absence of a certificate of occupancy. Short of a situation such as that presented by Chatsworth, where the tenant actually interfered with the owner's attempt to legalize the premises, it would be inconsistent with the Legislature's command to shift this burden by estopping the tenant from relying on the statute as a defense." Caldwell, supra (57 AD3d at 25-26, 866 NYS2d at 282).
Petitioner's constitutional arguments based on the "takings" and "due process" clauses of the Fifth Amendment to the US Constitution as applied to the States through the Fourteenth Amendment are also misplaced. Petitioner bases its "takings" clause argument on the speculative concern that "the owner in perpetuity could never collect rent on any unit in the building at 1255 Stratford Avenue, Bronx NY, 10472, due to circumstances beyond the owner's control (permanent inability to gain access to C3 and C4 to both remove the illegal partitions and prevent the tenants from replacing the illegal partitions once removed)", Reply Memorandum of Law at p 37. Petitioner cites to Manocherian v Lenox Hill Hosp (84 NY2d 385, 388, 618 NYS2d 857, 858, 643 NE2d 479, 480 [1994]), and argues that MDL §§ 301 and 302 would constitute unconstitutional "burden-shifting regulations" if applied here.
The New York State Multiple Dwelling Law was enacted in 1929 based on the specific legislative findings that "intensive occupation of multiple dwelling sites, overcrowding of multiple dwelling rooms, inadequate provision for light and air, and insufficient protection against the defective provision for escape from fire, and improper sanitation of multiple dwellings in certain areas of the state are a menace to the health, safety, morals, welfare, and reasonable comfort of the citizens of the state" and "the establishment and maintenance of proper housing standards requiring sufficient light, air, sanitation and protection from fire hazards are essential to the public welfare." MDL § 2. The MDL sections at issue here are found in Article 8 of the statute, entitled "Requirements and Remedies". Both the MDL § 301 requirement of government approval before newly constructed or altered multiple dwellings can be occupied, and the MDL § 302(1)(b) remedy barring an owner from collecting rent where MDL § 301 has been violated, meet the "takings clause" constitutionality test as each of these provisions, "substantially advances a legitimate State interest, justifying the State's imposition of distinctive encumbrances and obligations on plaintiffs' private property rights." Manocherian v Lenox Hill Hosp, supra (84 NY2d at 388, 618 NYS2d at 858, 643 NE2d at 480). As noted by the Court of Appeals in Chazon, supra (19 NY3d at 416, 948 NYS2d at 574, 971 NE2d at 855), "If that is an undesirable result, the problem is one to be addressed by the Legislature."
Petitioner's cursory substantive and procedural due process arguments are also based on hypothetical concerns: Speculating that tenants will collude to create violations that will bar landlords across New York State from ever collecting rent, Petitioner argues that literal enforcement of MDL §§ 301 and 302 in this proceeding will result in an unconstitutional deprivation of property through interference with contract principles. While acknowledging that various procedural measures are available—landlords may appeal DOB decisions, commence [*9]eviction proceedings or seek injunctions against tenants—Petitioner asserts they are time-consuming and possibly ineffective remedies and argues there is "no legal mechanism to hold the tenant liable or responsible for the financial consequences of the landlord being unable to collect rent." Reply Memorandum of Law at p 39. These arguments are not supported by the record in this case and are rejected. Petitioner has asserted no facts to suggest that Respondent colluded with the tenant of Apartment D8 to create the SROs leading to DOB's placement of Violation # 35129571Z on July 2, 2015. Nor has Petitioner offered any description of what happened after DOB issued that violation, what happened at the OATH/ECB hearing or why it was not resolved until February 26, 2024.
On a motion to dismiss under CPLR R 3211(a)(7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail." Guggenheimer v Ginzburg (43 NY2d 268, 275, 401 NYS2d 182, 185, 372 NE2d 17, 20 [1977]), quoted in Polonetsky v Better Homes Depot, Inc (97 NY2d 46, 54, 735 NYS2d 479, 483, 760 NE2d 1274, 1278 [2001]); M & E 73-75, LLC v 57 Fusion LLC (189 AD3d 1, 5, 128 NYS3d 200, 204 [1st Dep't 2020]). The pleading is to be afforded a liberal construction, CPLR § 3026, its allegations are accepted as true, and the plaintiff (or petitioner) is accorded the benefit of every possible favorable inference. 511 W 232nd Owners Corp v Jennifer Realty Co (98 NY2d 144, 152, 746 NYS2d 131, 134, 773 NE2d 496, 499 [2002]). A motion seeking dismissal under CPLR R 3211(a)(1) on the ground that the action is barred by documentary evidence, "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law." Goshen v Mut Life Ins Co (98 NY2d 314, 326, 746 NYS2d 858, 865, 774 NE2d 1190, 1197 [2002]); M & E 73-75, LLC v 57 Fusion LLC (189 AD3d 1, 5, 128 NYS3d 200, 204 [1st Dep't 2020]).
Here, the undisputed existence during the relevant time of an open DOB violation that states the premises is being occupied in a manner contrary to the C of O mandates dismissal under CPLR RR 3211(a)(1) and (7) and MDL §§ 301 and 302. Having reached this conclusion, it is not necessary to reach any of the other arguments raised by Respondent.
CONCLUSION
For the reasons stated above, it is hereby ORDERED that Respondent's motion to dismiss is granted, Petitioner's cross-motion is denied, and this proceeding is dismissed with prejudice. This constitutes the Court's Decision and Order, which is being uploaded on NYSCEF.
Dated: November 15, 2024
Bronx, New York
Diane E. Lutwak, H.C.J.

Footnotes

Footnote 1:As discussed below, Petitioner's motion sequence #1 was granted in part by Stipulation dated June 12, 2023 and the balance is deemed withdrawn (see fn 2, infra).

Footnote 2:As described below, in addition to opposing Respondent's motion to dismiss (motion seq #2), Petitioner has cross-moved (seq #3) for an order denying Respondent's motion and sending the case out for trial. Implicit in Petitioner's cross-motion is its abandonment of that part of its prior motion (seq #1) which sought entry of a judgment and issuance of a warrant of eviction which, accordingly, is deemed to have been withdrawn.

Footnote 3:It is not clear what happened to the violation for illegal SROs on the sixth floor. Attached to each of the DOB OATH/ECB "Violation Details" documents is a "Notice of Violation and Hearing", and the one for Violation # 35129571Z describes two apartments in each of which a DOB inspector found four SROs: D8 on the fourth floor and F8 on the sixth floor. However, the SROs in F8 are mentioned only in the "Notice of Violation and Hearing" and not also in the "Violation Details" document.

Footnote 4:"OATH" is the acronym for the New York City Office of Administrative Trials and Hearings and "ECB" is the acronym for the New York City Environmental Control Board. As explained on the City's website, "The OATH Hearings Division holds hearings on what are called Environmental Control Board, or ECB cases. These cases involve summonses that are issued by 13 different City enforcement agencies responsible for protecting the public's health and safety and ensuring it has a clean environment."

Footnote 5:Mr. Steiner also asserts "good faith efforts to repair and certify into compliance the collapsed retaining wall cited in prior DOB violations", Steiner Reply Affirm at ¶ 6, and refers to Exhibit C, three "Statements in Support of Certificate of Correction" dated February 10, 2022 addressing DOB violations for a "partially collapsed retaining wall" (## 39033990M, 35548494K, and 35535095K). These violations, dated December 28, 2020, March 18, 2021 and July 26, 2021, respectively, are all listed as open on the DOB website, which this court takes judicial notice of, Matter of LaSonde v Seabrook (89 AD3d 132, 137, 933 NYS2d 195, 199 [1st Dep't 2011]), with the last of the three issued for "failure to file certificate of correction".

Footnote 6:This is not because the tenants of those apartments have refused access to Petitioner to remove those partitions. Petitioner as owner of the building has legal recourse - acknowledged in its papers - and does not assert having commenced holdover proceedings or any other type of action against the tenants of Apartments C3 and C4 for breach of lease and/or nuisance. See, e.g., Great Jones Studios Inc v Wells (190 AD3d 587, 136 NYS3d 719 [1st Dep't 2021]); W 115 11-13 Assocs LLC v Pierre (63 Misc 3d 158[A], 115 NYS3d 797 [App Term 1st Dep't 2019]); Grove Equities LLC v Butensky (61 Misc 3d 130[A], 110 NYS3d 783 [App Term 1st Dep't 2018]); 208-210 E 7th LLC v Martinez (47 Misc 3d 155[A], 17 NYS3d 386 [App Term 1st Dep't 2015]); Sam & Joseph Sasson LLC v Guy (62 Misc 3d 1215[A], 113 NYS3d 479 [Civ Ct NY Co 2019]); 2275 Morris Realty LLC v Garcia (78 Misc 3d 1216[A], 185 NYS3d 652 [Civ Ct Bx Co 2023]). Petitioner also does not assert any efforts made to legalize the alterations in Apartments C3 and C4 and obtain a C of O for the building.