M&E 73-75, LLC v 57 Fusion LLC (2020 NY Slip Op 04372)





M&E 73-75, LLC v 57 Fusion LLC


2020 NY Slip Op 04372


Decided on July 30, 2020


Appellate Division, First Department


Oing, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 30, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.
Barbara R. Kapnick
Ellen Gesmer
Jeffrey K. Oing, JJ.


153655/12 11156 

[*1]M & E 73-75, LLC, Plaintiff-Appellant,
v
57 Fusion LLC, Defendant-Respondent.



Plaintiff appeals from the order of the Supreme Court,
New York County (Tanya R. Kennedy, J.), entered September 14, 2018, which, to the extent appealed from as limited by the briefs, granted defendant-seller 57 Fusion LLC's CPLR 3211(a)(7) motion to dismiss the complaint, and cancelled the notice of pendency.




Goldberg Weprin Finkel Goldstein LLP, New York (Matthew Hearle of counsel), for appellant.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Ethan A. Kobre of counsel), for respondent.



OING, J.


Plaintiff buyer, M & E 73-75 LLC, entered into a contract with defendant seller, 57 Fusion LLC, to purchase its Manhattan real property located at 57 Stanton Street (a/k/a 217 Eldridge Street) for $2,800,000, with a $100,000 down payment. The parties originally scheduled the closing to take place on January 7, 2012. After several adjournments, the parties set May 14, 2012 for the closing with the condition that time was of the essence. The parties did not consummate their real estate transaction at the closing. This action ensued.
In its complaint, which did not have any supporting documents annexed to it, the buyer alleged that, prior to the May 14 closing, its title company uncovered that the property's tax classification was incorrect, and that this misclassification was the result of the seller's [*2]intentional and fraudulent misrepresentation to the City. The complaint also set forth the allegations that the misclassification enabled the seller to artificially inflate the value of the premises because it would significantly and materially reduce its value; that the misclassification violated the seller's contractual representations and obligations; and that it created a defect in title to the premises which a title company is unwilling to insure. The buyer then alleged that "the parties understood and agreed that the Purchase Price under the Contract would be modified to reflect the diminished value of the Premises resulting from the Plaintiff uncovering the tax fraud" and that "[a]t the closing, the Defendant reneged on the agreement." It further alleged that the seller was not ready, willing and able to close because it never tendered title or its other performances required under the contract. The buyer alleged that at the closing it:
"was and remains prepared to perform all of its contractual obligations and stands ready, willing and able to proceed with the consummation of the Contract upon Defendant's satisfaction of its contractual obligations, including addressing the fraudulent misclassification of the Premises and the concomitant diminution of value resulting therefrom."
Steven Croman, the buyer's principal, in an affidavit originally submitted in support of an unrelated motion but utilized here to oppose the seller's dismissal motion, averred that:
"in addition to requesting reformation of the Contract's purchase price to account for the reduction in the Premises' value resulting from Defendant's misrepresentations concerning the Premises' proper tax classification, there were several additional defects and deficiencies in Defendant's closing obligations at the May 14, 2012 closing for which Plaintiff is seeking remediation.
***
"When my counsel and I requested that Seller remedy these defects on the closing date at Seller's counsel's office, Seller's principal refused, abruptly left the office, and did not return to consummate the closing. As I previously attested, Plaintiff was ready, willing and [able] to close on the Contract on May 14, 2012 provided Defendant cured all defects. To be sure, I never told Defendant's principal or counsel that Plaintiff was refusing to close."
The buyer asserted four causes of action: reformation based on fraud  unilateral mistake; specific performance with an abatement of the purchase price; breach of contract; and specific performance of the seller's obligations under their contract.
Although not alleged in the complaint, the record contains two letters dated May 11, 2012, three days before closing, from the buyer's attorney to the seller's attorney advising him, among other things, of the tax misclassification and the need for a reduction in the purchase price. The letters further advised that the buyer was ready, willing and able to close provided the seller remedied these issues. Ultimately, the second letter rejected the seller's offer as "grossly inadequate."
On June 5, 2015 the buyer filed its note of issue. After Supreme Court denied the seller's motion to vacate the note of issue, it moved, pursuant to CPLR 3211(a)(7), to dismiss the complaint for failure to state a cause of action. At oral argument, the seller's counsel made clear that it sought dismissal purely on the ground that the complaint's allegations failed to plead facts to support any of the four causes of action. The buyer cross-moved for the imposition of sanctions and attorney's fees, and for an order denying the seller's motion on the ground that it was in actuality an untimely summary judgment motion. Supreme Court granted the motion to dismiss, finding that the complaint failed to plead facts to support the asserted causes of action, and denied the cross motion.
The buyer argues that Supreme Court erred in considering the seller's post note of issue CPLR 3211(a)(7) motion to dismiss because it was a disguised untimely CPLR 3212 summary judgment motion. Alternatively, the buyer argues that, based on the seller's motion papers, Supreme Court impermissibly went beyond the four corners of the complaint by considering documentary evidence. The buyer argues that documentary evidence cannot be considered because the seller did not timely move for CPLR 3211(a)(1) relief, or interpose that defense in its responsive pleading.
The principle is well settled that on a CPLR 3211(a)(7) motion the allegations in the complaint are to be afforded liberal construction, and the facts alleged therein are to be accepted as true, according a plaintiff the benefit of every possible favorable inference and determining only whether the facts alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Jericho Group, Ltd. v Midtown Dev., L.P., 32 AD3d 294, 298 [1st Dept 2006]). A motion to dismiss under CPLR 3211(a)(7) for failure to state a cause of action must be denied if the factual allegations contained within the four corners of the pleading manifest any cause of action cognizable at law (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-152 [2002]). While factual allegations set forth in a complaint should be accorded every favorable inference, bare legal conclusions and inherently incredible facts are not entitled to preferential consideration (see Matter of Sud v Sud, 211 AD2d 423, 424 [1st Dept 1995]). To withstand dismissal, a plaintiff may submit opposing affidavits which can be considered to amplify the pleadings (see Rovello v Orofino Realty Co., 40 NY2d 633, 635-636 [1976]). Unlike a summary judgment motion pursuant to CPLR 3212, a CPLR 3211(a)(7) motion can be made at any time (see CPLR 3211(e); Goldberg v Torim, 181 AD3d 443, 444 [1st Dept 2020]).
Where the motion to dismiss is based on documentary evidence under CPLR 3211(a)(1), the claim will be dismissed only "if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (Leon v Martinez, 84 NY2d at 88). A CPLR 3211(a)(1) motion, however, must be made before an answer is interposed or preserved in a responsive pleading; otherwise it is waived (see CPLR 3211(e); see e.g. McMahon v Cobblestone Lofts Condominium, 161 AD3d 536, 537 [1st Dept 2018]).
Supreme Court properly considered the seller's post note of issue CPLR 3211(a)(7) motion to dismiss for failure to state a cause of action because it can be made at any time (CPLR 3211[e]). Thus, CPLR 3212(a)'s requirement of demonstrating good cause for the delay does not apply (see Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]). We note that the complaint herein did not have annexed to it any supporting documents. The buyer correctly argues that, other than the complaint, the documentary evidence submitted by the seller on its motion cannot be considered because of the motion's post-answer posture and the seller's failure to preserve the CPLR 3211(a)(1) defense in its answer. A review of the proceeding's transcript demonstrates that Supreme Court limited its analysis to the four corners of the complaint, and did not rely on any documentary evidence in deciding the motion.
The buyer has abandoned its appeal from the dismissal of the claims for reformation (first cause of action) and specific performance with a price abatement (second cause of action) by failing to make any arguments as to those claims in its appellate brief (see Mendoza v Akerman Senterfitt LLP, 128 AD3d 480, 483 [1st Dept 2015]). We turn to the remaining cause of action for breach of contract and specific performance. We note that the buyer limits the arguments for the contract claim to seeking specific performance, which is an equitable remedy, rather than a separate cause of action (see Cho v 401-403 57th St. Realty Corp., 300 AD2d 174, 175 [1st Dept 2002]).
A party seeking specific performance must allege that it "substantially performed its [*3]contractual obligations and was willing and able to perform its remaining obligations, that defendant was able to convey the property, and that there was no adequate remedy at law" (EMF Gen. Contr. Corp. v Bisbee, 6 AD3d 45, 51 [1st Dept 2004], lv dismissed 3 NY3d 656 [2004], lv denied 3 NY3d 607 [2004]). The complaint's allegations, assuming them to be true as we must, unequivocally demonstrate that the buyer was not ready, willing and able to perform at the May 14, 2012 time of the essence closing.
Although the buyer alleged in the complaint that it "was and remains prepared to perform all of its contractual obligations and stands ready, willing and able to proceed with the consummation of the Contract," the same allegation conditioned its performance "upon Defendant's satisfaction of its contractual obligations, including addressing the fraudulent misclassification of the Premises and the concomitant diminution of value resulting therefrom." Assuming the truth of these allegations, they demonstrate that the buyer was not ready, willing and able to close because the tax misclassification was "significant[]" and "material[]," and that the buyer could not and would not close on the transaction because the seller had reneged on their agreement that the purchase price would be reduced.
Further underscoring the buyer's unwillingness to consummate the transaction is the buyer's principal's averment that at the May 14 closing, the buyer sought from the seller remediation of additional defects and deficiencies, and a reduction in the purchase price, following which the seller's principal "refused," "abruptly left the office," and "did not return to consummate the closing." The buyer's principal asserts that he never informed the seller's principal or its counsel that the buyer was refusing to close but inconsistently states that the buyer was ready, willing and able to close "provided [the seller] cured all defects." These evidentiarily permissible statements, unlike the two May 11 correspondence, amplify the complaint and unequivocally demonstrate that the buyer's performance would be conditioned on the seller's correction of the defects and deficiencies, and a reduction in the purchase price. Under these circumstances, the buyer was not ready, willing and able to close, and, as a matter of law, is not entitled to specific performance of the parties' contract.
Nonetheless, in seeking to have its specific performance claim reinstated, the buyer maintains that Supreme Court erred in dismissing that claim by misreading Mehlman v 592-600 Union Ave. Corp. (46 AD3d 338 [1st Dept 2007]) in applying the contract's restricted remedy clause against it. That clause expressly and strictly limited the buyer to two remedies in the event the seller was unable to convey title to the premises pursuant to the terms of the contract: (i) terminate the contract and receive its down payment or (ii) consummate the transaction with a $25,000 credit to remedy any title issue. The buyer argues that our holdings in Mehlman and 101123 LLC v Solis Realty LLC (23 AD3d 107 [1st Dept 2005]) obligate the seller to concede the title defect and demand that the buyer exercise one of the options set forth in the restricted remedies clause at the closing, and that the seller's failure to satisfy this obligation enables the buyer to maintain its specific performance claim. This argument is misplaced because the complaint does not set forth the terms of the restricted remedies clause, the seller failed to invoke the clause, and its failure to invoke the clause entitled the buyer to obtain specific performance of the parties' contract.
Regardless, the buyer's argument is based on its own misreading of Mehlman and Solis. In Mehlman, we held that in response to the buyer's demand for specific performance, the seller was within its rights to invoke the restricted remedies clause because it had already expended the contractually required sum to eliminate the judgments against the property (Mehlman v 592-600 Union Ave. Corp., 46 AD3d at 342-343). Thus, under those circumstances, the buyer was not entitled to specific performance (id.).
Similarly, in Solis, the seller, responding to the buyer's demand for specific performance, invoked the contract's restricted remedies provision because, not having a viable legal basis to [*4]oust the remaining tenants or occupants, it could not deliver the property free and clear of these individuals (101123 LLC v Solis Realty LLC, 23 AD3d at 112). We held that under these circumstances, the buyer had no colorable claim to specific performance and was limited to the contractual restricted remedies (id. at 112-113).
The legal principle enunciated in these holdings is that a seller unable to convey clear title for reasons contemplated in the parties' contract is entitled to invoke the restricted remedies clause in response to a buyer's demand for specific performance of the parties' contractual terms. Here, the buyer's allegations unmistakably demonstrate that it did not demand specific performance from the seller to convey title as alleged in the complaint, namely, by conveying title in accordance with the seller's contractual representation that there were no negative tax issues associated with the premises. Instead, the buyer alleged in its complaint that it was ready, willing and able to close provided that the seller, inter alia, corrected the tax misclassification and reduced the purchase price to address the tax liabilities arising from the misclassification. In fact, the allegations underlying the claim demonstrate the complete absence of a demand for specific performance of the parties' contract. Rather, according to those allegations, the buyer's demand would result only if the seller did not comply with the buyer's condition to close. These allegations, as a matter of law, demonstrate that the seller was not obligated to invoke the restricted remedies clause. Thus, under these circumstances, the buyer is precluded from seeking from the seller specific performance of their contract.
The Buyer argues that dismissal was too severe and Supreme Court should have granted it leave to replead. This relief is sought for the first time on appeal, and we decline to address it (see Butler v Gibbons, 173 AD2d 352 [1st Dept 1991]). In any event, given that the buyer averred and continues to argue on appeal that it sufficiently pleaded a breach of contract and specific performance claim, permitting the buyer to replead would not be warranted.
The notice of pendency was properly cancelled once the motion court dismissed the action on the merits (see Samantha Enters. v Elizabeth St., 5 AD3d 280 [1st Dept 2004]).
Accordingly, the order of the Supreme Court, New York County (Tanya R. Kennedy, J.), entered September 14, 2018, which, to the extent appealed from as limited by the briefs, granted defendant-seller 57 Fusion LLC's CPLR 3211(a)(7) motion to dismiss the complaint, and cancelled the notice of pendency, should be affirmed, without costs.
All concur.
Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered September 14, 2018, affirmed, without costs.
Opinion by Oing, J. All concur.
Manzanet-Daniels, J.P., Kapnick, Gesmer, Oing, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 30, 2020
CLERK