Belair & Evans LLP v Rizzo (2022 NY Slip Op 06986)

Belair & Evans LLP v Rizzo

2022 NY Slip Op 06986

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Kern, J.P., Gesmer, Kennedy, Scarpulla, Rodriguez, JJ. 

Index No. 654131/15 Appeal No. 16848 Case No. 2021-02792 

[*1]Belair & Evans LLP, Plaintiff-Respondent,
v
Peter Foley Rizzo, M.D., Defendant-Appellant.

Brown Rudnick LLP, New York (John G. Doyle of counsel), for appellant.
Furman Kornfeld & Brennan LLP, New York (Aaron M. Barham of counsel) for respondent.

Order, Supreme Court, New York County (Frank P. Nervo, J.) entered July 12, 2021, which, to the extent appealed from, granted the court's sua sponte motion to dismiss defendant's counterclaims, unanimously modified, on the law, to reinstate the remaining counterclaims other than legal malpractice, and otherwise affirmed, without costs.
Plaintiff brought this action to recover unpaid legal fees incurred while defending defendant against an investigation and prosecution by the New York State Department of Health and its Office of Professional Medical Conduct (OPMC), which was ultimately settled by consent order. Defendant answered, asserting various counterclaims, including legal malpractice. Plaintiff replied to the counterclaims, asserting as an affirmative defense that documentary evidence contradicted the factual allegations pleaded in the counterclaims. The court directed the parties to show cause as to why the legal malpractice counterclaim should not be dismissed.
Defendant's arguments regarding the timing of the court's motion are unavailing. Motions to dismiss pursuant to CPLR 3211(a)(7) may be brought at any time (see CPLR 3211[e]), and plaintiff's reply to the counterclaims asserted CPLR 3211(a)(1) as an affirmative defense, thus preserving plaintiff's right to move to dismiss the counterclaims pursuant to that provision (see id.; M & E 73-75 LLC v 57 Fusion LLC, 189 AD3d 1, 6 [1st Dept 2020], lv dismissed 36 NY3d 1086 [2021]).
Dismissal of the legal malpractice counterclaim was warranted because defendant failed to adequately plead proximate causation (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]). The answer did not specifically allege, and the allegations therein, read in the light most favorable to defendant, did not give rise to an inference, that but for plaintiff's negligence, defendant would have proceeded to a hearing and prevailed in the underlying OPMC matter, or he would have achieved a more favorable settlement.
Since the court's motion to dismiss was directed only at the legal malpractice counterclaim, the court should not have dismissed the remaining counterclaims. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022