Sonnenschein v 1986-F&S of N.Y., Ltd. (2023 NY Slip Op 03083)

Sonnenschein v 1986-F&S of N.Y., Ltd.

2023 NY Slip Op 03083

Decided on June 08, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 08, 2023

Before: Webber, J.P., González, Rodriguez, Pitt-Burke, JJ. 

Index No. 816525/21 Appeal No. 428 Case No. 2022-05552 

[*1]Mark Sonnenschein et al., Plaintiffs-Appellants,
v
1986-F&S of New York, Ltd., Defendant-Respondent, New York Deferred Exchange Corporation, Defendant.

Rosen Law LLC, Great Neck (Gary Rosen of counsel), for appellants.
Rosenberg & Estis, P.C., New York (Ethan R. Cohen of counsel), for respondent.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered June 9, 2022, which granted defendant 1986-F&S of New York, Ltd.'s motion to dismiss the complaint, unanimously affirmed, with costs.
1986-F&S was entitled to dismissal of the causes of action for both specific performance and breach of contract, the only two causes of action in the complaint, as the documentary evidence utterly refuted the allegations in those causes of action and established defenses to them as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; M & E 73-75 LLC v 57 Fusion LLC, 189 AD3d 1, 6 [1st Dept 2020], lv dismissed 36 NY3d 1086 [2021]). The correspondence that 1986-F&S submitted on its motion conclusively demonstrates that plaintiffs were not ready, willing, and able to close either by the duly noticed "time is of the essence" closing date or by the later final closing date, because, as stated in emails from the commercial properties broker to 1986-F&S, plaintiffs did not have the requisite financing to pay the balance of the purchase price on either closing date. As a result, plaintiffs are precluded from seeking an award of both money damages and specific performance (see M & E 73-75, 189 AD3d at 6; 3801 Review Realty LLC v Review Realty Co. LLC, 111 AD3d 509, 510 [1st Dept 2013]).
We reject plaintiffs' conclusory allegations that they were ready, willing, and able to close, as they submitted no evidence of their financial ability to pay the balance of the purchase price on the time of the essence date or the final closing date (see LAIG v Medanito S.A., 139 AD3d 424 [1st Dept 2016]). Nor did plaintiffs submit any evidence suggesting that they did not close because 1986-F&S was unable to deliver an insurable title and thus was itself not ready, willing, and able to close by the time is of the essence date (see Prana Partners v Brittban Realty, Inc., 12 AD3d 198 [1st Dept 2004]).
We decline to consider plaintiffs' argument regarding the purported assignment to defendant New York Deferred Exchange Corporation, as it is improperly made for the first time on appeal and does not involve purely legal issues that could not have been avoided if raised before Supreme Court (see Tsai v Lo, 212 AD3d 547, 548-549 [1st Dept 2023]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 8, 2023