A-US GAL1, L.P. v National Air Cargo Group, Inc. (2024 NY Slip Op 06648)

A-US GAL1, L.P. v National Air Cargo Group, Inc.

2024 NY Slip Op 06648

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Webber, J.P., Moulton, Friedman, Mendez, Shulman, JJ. 

Index No. 655890/23 Appeal No. 3338 Case No. 2024-04605 

[*1]A-US GAL1, L.P., Respondent,
v
National Air Cargo Group, Inc., Appellant.

Quinn Emanuel Urquhart & Sullivan, LLP, New York (Marc L. Greenwald of counsel), for appellant.
Edelstein & Grossman, New York (Jonathan I. Edelstein of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about July 1, 2024, which denied the motion of plaintiff A-US GAL1, L.P. (AUSG1) to dismiss defendant National Air Cargo Group, Inc.'s (National) counterclaim for breach of contract, unanimously reversed, on the law, without costs, and the motion granted.
This is a dispute related to an alleged breach of an assigned aircraft engine leasing agreement. Defendant National is an airline carrier operating cargo and passenger services. Plaintiff AUSG1 is the succeeding lessor who assumed an aircraft engine lease between Fortress Transportation and Infrastructure Investors, LLC (Fortress) and National through a series of Assignment and Amendment Agreements. After the leased engines at issue allegedly failed to satisfy the redelivery requirements set forth in the Lease, AUSG1 initiated this action against National, and National asserted a counterclaim for breach of contract against AUSG1, alleging AUSG1 failed to follow the past course of dealing between Fortress and National with respect to the engine redelivery requirements under the assignment.
Supreme Court denied AUSG1's motion to dismiss, holding that although paragraph 7.3 of the Assignment failed to identify the provisions it sought to amend in accordance with § 19(b) of the Lease, it should not be rendered meaningless simply because of a technical error. The court found that the Assignment and the Lease did not provide enough information on what "course of dealing" means on its face and that therefore, dismissal of the motion was premature.
We find that Supreme Court should have granted AUSG1's motion. To give meaning to the provisions of the lease and assignment, the only meaningful interpretation of paragraph 7.3 of the assignment would be that it is limited to terms not expressly stated in the lease (see U.S. Bank N.A. v GreenPoint Mtge. Funding, Inc., 157 AD3d 93, 100 [1st Dept 2017]). Section 19(b) of the lease states that any amendment to the lease shall "specifically identif[y] the provision . . . that it purports to amend," and that "[n]o provision of this Agreement shall be varied or contradicted by . . . course of dealing or performance." Meanwhile, paragraph 7.3 of the assignment, which appears to be a catch-all provision dealing with National's rights and obligations under the assigned lease, requires AUSG1 to "follow the same course of dealing and return procedures . . . with respect to other engines previously returned by [National] to [the existing lessor] . . ." but does not specifically identify the lease provisions it seeks to amend.
Even if, as National argues, it did not have to enumerate the provisions it sought to amend by page or paragraph number under § 19(b) of the lease, the course of dealing provision signals no intention to supersede the redelivery provisions of the lease, unlike § 3.1 of the assignment, which explicitly states that "the Lease shall hereby be amended as set forth in Schedule [*2]3," which contains no amendments to the redelivery provisions of the engines (see Kasowitz, Benson, Torres & Friedman, LLP v Duane Reade, 98 AD3d 403, 405-406 [1st Dept 2012], affd 20 NY3d 1082 [2013] [the contract language itself is the best evidence to manifest the parties' intent]). In addition, since paragraph 7.3 of the assignment appears to be a catch-all provision, and § 9 of the lease specifically sets forth the engine return and redelivery procedures, we find that § 9 of the lease, which contains specific provisions governing the return of engines, would have control over paragraph 7.3 of the assignment as a general provision (see Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 61 [1st Dept 2017]).
To reasonably reconcile the provisions of both the lease and the assignment, without rendering any provision meaningless, we agree with AUSG1 that paragraph 7.3 merely serves as a gap-filler that incorporates the past course of dealing as to terms not explicitly expressed under the lease (see Matter of Trump [Refco Props.], 194 AD2d 70, 74-75 [1st Dept 1993], lv denied 83 NY2d 754 [1994]). Since National's counterclaim against AUSG1 was premised on paragraph 7.3 of the assignment in the sense that it amends the return and redelivery provisions of the lease, National's counterclaim for
breach of contract is refuted by section 19(b) of the lease and should be dismissed under CPLR 3211(a)(1) (see M & E 73-75, LLC v 57 Fusion LLC, 189 AD3d 1, 6 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024