Kwan v HFZ Capital Group, LLC (2025 NY Slip Op 00074)

Kwan v HFZ Capital Group, LLC

2025 NY Slip Op 00074

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Webber, J.P., Mendez, Shulman, Rodriguez, JJ. 

Index No. 651518/23 Appeal No. 3434 Case No. 2024-00647 

[*1]Jenny Kwan et al., Plaintiffs-Appellants,
v
HFZ Capital Group, LLC, et al., Defendants-Respondents, Nir Meir, Defendant. Bryant Park Funding 100, LLC, Intervenor-Respondent.

Hinman, Howard & Kattell, LLP, White Plains (Joseph N. Paykin of counsel), for appellants.
Morrison Cohen LLP, New York (Jay R. Speyer of counsel), for HFZ Capitol Group, LLC, HFZ Bryant Park Owner LLC, 20 West 4o Bryant Park Owner LLC, and Ziel Feldman, respondents.
Loeb & Loeb LLP, New York (Sara J. Crisafulli of counsel), for Bryant Park Funding 100, LLC, respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about January 3, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for injunctive relief, unanimously affirmed, with costs.
As an initial matter, any contractual waiver of plaintiffs-buyers' right to seek specific performance or a preliminary injunction was superseded by the May 2022 letter amendment to the real estate contracts, which provides that "nothing in this letter agreement shall be construed as a waiver of Purchasers' right . . . to seek specific performance if a closing for the sale of the Units to Purchasers does not take place within the period specified herein." In addition, the prior order's vacatur of the lis pendens was based on the agreements' express provisions that plaintiffs could not file lis pendens against the two units that plaintiffs contracted to buy (Kwan v HFZ Capital Group, LLC, 227 AD3d 592 [1st Dept 2024]). Respondents' argument that specific performance or injunctive relief is barred under the law of the case doctrine is thus unavailing, as it relies on an overbroad interpretation of the prior order.
However, because plaintiffs did not meet their burden of demonstrating a likelihood of success on the merits, the court providently denied plaintiffs' application for a preliminary injunction preventing defendants from directly or indirectly, transferring, selling, disposing or otherwise encumbering the two units (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]). As to breach of contract and the request for specific performance of the contract, plaintiffs have not submitted evidence establishing a prima facie showing of defendants' bad faith (see generally Four Times Sq. Assoc. v Cigna Invs., 306 AD2d 4, 5-6 [1st Dept 2003]). Moreover, respondents correctly contend that plaintiffs have not demonstrated their ability to pay the nearly $1 million balance to purchase the units, and therefore their willingness and ability to close (see M & E 73-75 LLC v 57 Fusion LLC, 189 AD3d 1, 6 [1st Dept 2020], lv dismissed 36 NY3d 1086 [2021]). They also assert that a condition precedent to the closings has not been satisfied because intervenor's mortgage subjects the units to valid liens that remain outstanding.
As to plaintiffs' cause of action for unjust enrichment, "the existence of a valid contract governing the subject matter generally precludes recovery in quasi contract for events arising out of the same subject matter" (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 23 [2005]). For the same reason, plaintiffs are not entitled to a constructive trust (see Sharp v Kosmalski, 40 NY2d 119, 121 [1976]). Moreover, the relationship between plaintiffs and defendants is insufficient to trigger a constructive trust (see Evans v Rosen, 111 AD3d 459, 459 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January [*2]7, 2025