**Archdiocese of N.Y. v Century Indem. Co.**

2025 NY Slip Op 31673(U)

May 6, 2025

Supreme Court, New York County

Docket Number: Index No. 652825/2023

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

------------------------------------------------------------------------------X

The Archdiocese of New York et al

                           Plaintiff,

                      - v -

Century Indemnity Company, as successor to CCI
Insurance Company, as successor to Insurance Co. of
North America and as successor to Indemnity Insurance
Company of North America et al

                         Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652825/2023 |
| **MOTION DATE** | 08/16/2024 |
| **MOTION SEQ. NO.** | 011 |

**DECISION + ORDER ON MOTION**

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 011) 133, 134, 135, 136, 137, 138, 177, 193, 194, 195, 208

were read on this motion to/for                DISMISS               .

Defendants Century Indemnity Company, Insurance Company of North America, Indemnity Insurance Company of North America, Great Northern Insurance Company, Westchester Fire Insurance Company, Pacific Employers Insurance Company, Federal Insurance Company, Illinois Union Insurance Company, and Vigilant Insurance Company (collectively the "Moving Insurers") move to dismiss, pursuant to CPLR 3211(a)(7), plaintiffs' the Archdiocese of New York and its associated policyholders (collectively the "Archdiocese") sixth cause of action, alleging breach of the covenant of good faith and fair dealing, and seventh cause of action, alleging violations of General Business Law ("GBL") § 349.  The Archdiocese opposes the motion.

This is a declaratory judgment action in which the parties seek a determination of the scope of insurance coverage owed by the Moving Insurers and other defendants to the Archdiocese.  Between 1956 and 2003, the Archdiocese purchased certain general and excess

**652825/2023   THE ARCHDIOCESE OF NEW YORK ET AL vs. CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE CO. OF NORTH AMERICA AND AS SUCCESSOR TO INDEMNITY INSURANCE COMPANY OF NORTH AMERICA ET AL**
**Motion No.  011**

**Page 1 of 11**

1 of 11

liability insurance policies (the "subject policies") from the Moving Insurers. In 2019 and 2022, New York enacted the Child Victims Act ("CVA") and Adult Survivors Act, respectively. These statutes provided for a revival period in which survivors of alleged sexual abuse could bring civil lawsuits that would otherwise have been time-barred by the statute of limitations. Since the statutes' enactment, nearly 1,700 lawsuits have been brought against the Archdiocese alleging sexual abuse by members of the clergy and other employees against people, many of them minors, at the Archdiocese's churches, schools, and other facilities during the period in which the subject policies were in effect (collectively the "underlying claims") (NYSCEF Doc. No. 196, Amended Complaint § 578).

The Moving Insurers have agreed to defend the Archdiocese in the underlying claims, subject to a reservation of rights. The Archdiocese maintains that it is entitled to indemnification from the Moving Insurers under the subject policies for liabilities it may incur from judgments or settlements in the underlying claims. It claims that the subject policies cover the types of injuries alleged in the underlying claims, namely the negligent hiring, supervision, or retention of individuals that physically or sexually abused individuals during the periods in which the subject policies were in effect (*id.* § 564-568, 583). However, the Moving Insurers have denied coverage for the Archdiocese's liabilities, despite having initially agreed to defend them, on the grounds that the abuse alleged "was expected and/or intended from the standpoint of the Archdiocese" (*id.* §§ 586-589).

The Archdiocese maintains that the Moving Insurers' denial of coverage has undermined its efforts to settle the underlying claims, as the Moving Insurers have engaged in a "wait and see" strategy wherein they refuse to participate in mediation with claimants, grant settlement authority to resolve certain underlying claims, waive consent to settle provisions in the subject

652825/2023 THE ARCHDIOCESE OF NEW YORK ET AL vs. CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE CO. OF NORTH AMERICA AND AS SUCCESSOR TO INDEMNITY INSURANCE COMPANY OF NORTH AMERICA ET AL
Motion No. 011

Page 2 of 11

2 of 11

[* 2]

policies, or indemnify the Archdiocese for settlement payments it has made (*id.* §§ 588, 616, 619, 622, 625-626). It alleges that the Moving Insurers have engaged in a pattern of obstructionist behavior over the timely and fair resolution of claims to safeguard their own financial interests to the detriment of their policyholders (*id.* §§ 597-603, 608-612).

The Moving Insurers initiated this declaratory judgment action in June 2023 to resolve the coverage dispute. The caption was amended on July 30, 2024, pursuant to a so-ordered stipulation in which the Archdiocese and its affiliates were designated as plaintiffs, and the Moving Insurers and other insurers were designated as defendants (NYSCEF Doc. No. 120). The Archdiocese's operative pleading (NYSCEF Doc. No. 196) is therefore referred to as the "Amended Complaint" in this decision.

The Moving Insurers and Archdiocese seek competing declaratory judgments about the scope of the subject policies' coverage for the underlying claims. The Moving Insurers seek a declaration that they have no duty to cover the underlying claims to the extent that, *inter alia*, the damages were the result of negligence the Archdiocese expected or intended or were otherwise subject to policy exclusions. The Archdiocese seeks a declaratory judgment directing, *inter alia*, that the Moving Insurers are obligated to pay all defense costs and to indemnify all settlements and judgments for each of the underlying claims.

The Archdiocese seeks damages from the Moving Insurers in its fifth, sixth, and seventh causes of action. These claims respectively assert theories of breach of contract, breach of the implied covenant of good faith and fair dealing based on the Moving Insurers' alleged bad faith, and violation of General Business Law ("GBL") § 349 based on the Moving Insurers' alleged deceptive acts and practices. The Moving Insurers now move to dismiss the breach of covenant and GBL § 349 claims for failure to state a cause of action pursuant to CPLR 3211(a)(7).

652825/2023   THE ARCHDIOCESE OF NEW YORK ET AL vs. CENTURY INDEMNITY COMPANY,   Page 3 of 11
AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE CO. OF
NORTH AMERICA AND AS SUCCESSOR TO INDEMNITY INSURANCE COMPANY OF NORTH
AMERICA ET AL
Motion No.  011

3 of 11

[* 3]

On a motion to dismiss pursuant to CPLR 3211, "the allegations in the complaint are to be afforded liberal construction, and the facts alleged therein are to be accepted as true, according a plaintiff the benefit of every possible favorable inference and determining only whether the facts alleged fit within any cognizable legal theory" (*M&E 73-75 LLC v 57 Fusion LLC*, 189 AD3d 1, 5 [1st Dept 2020]; *see also Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "A motion to dismiss under CPLR 3211(a)(7) for failure to state a cause of action must be denied if the factual allegations contained within the four corners of the pleading manifest any cause of action cognizable at law" (*M&E 73-75 LLC*, 189 AD3d at 5).

The Archdiocese's sixth cause of action alleges that the Moving Insurers breached the implied covenant of good faith and fair dealing by acting in bad faith to deprive it of the benefit of the bargain of the subject policies. It claims that the Moving Insurers' bad faith consisted of their placing of their own financial interests above that of policyholders by attempting to delay coverage decisions related to the underlying claims by employing a "wait-and-see" strategy, which extended to Moving Insurers' unfair claim settlement practices such as their purported refusal to participate in mediations and settlement discussions or to provide consent to settlements (Amended Complaint §§ 666-668).

The covenant of good faith and fair dealing "embraces a pledge that 'neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract'" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 153 [2022], quoting *Dalton v Educ. Testing Serv.*, 87 NY2d 384, 389 [1995]). The covenant encompasses "any promises which a reasonable person in the position of the promisee would be justified in understanding were included" (*id.*, quoting *Rowe v Great Atl. & Pac. Tea Co.*, 46 NY2d 62, 69 [1978]), but cannot be used to imply an obligation "which would be

**652825/2023   THE ARCHDIOCESE OF NEW YORK ET AL vs. CENTURY INDEMNITY COMPANY,**          **Page 4 of 11**
**AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE CO. OF**
**NORTH AMERICA AND AS SUCCESSOR TO INDEMNITY INSURANCE COMPANY OF NORTH**
**AMERICA ET AL**
**Motion No.  011**

[* 4]                                          4 of 11

inconsistent with other terms of the contractual relationship" (*id.*, quoting *Murphy v Am. Hom. Prods. Corp.*, 58 NY2d 293, 304 [1983]). A cause of action for breach the implied covenant may be found where an insurer is alleged to have frustrated the purpose of an insurance policy, such as in *Rockefeller Univ. v Aetna Cas. & Sur. Co.*, where it was found that the plaintiff policyholder stated a distinct cause of action for breach of the covenant of good faith and fair dealing in a CVA coverage dispute (231 AD3d 457 [1st Dept 2024]). There, the court found that the pleading "sufficiently alleged that defendant insurers' wait and see strategy and claims handling practices were employed to limit defendants' financial exposure, in gross disregard of plaintiff's interests" (*id.* at 458).

The Moving Insurers first argue that this claim should be dismissed as duplicative of the Archdiocese's fifth cause of action for breach of contract. A cause of action for breach of the covenant of good faith and fair dealing is duplicative of a breach of contract claim when both claims are "based on the same allegations and seek the same damages" (*Tillage Commodities Fund, L.P. v SS&C Tech., Inc.*, 151 AD3d 607, 608 [1st Dept 2017], quoting *Ullmann-Schneider v Lacher & Lovell-Taylor, P.C.* [1st Dept 2014]). A breach of covenant claim will not be found duplicative where there is only "some overlap in the facts alleged" and where "it relies upon different facts and seeks different damages from the contract claim" (*New York Botanical Garden v Allied World Assur. Co. (U.S.)*, 206 AD3d 474, 476 [1st Dept 2022]).

The Court finds that the breach of covenant cause of action is not duplicative of the breach of contract claim. Although there is partial overlap in the facts asserted in support of each claim, both also rely on distinct factual allegations. The breach of covenant claim is premised on the Moving Insurers' alleged bad faith in handling the underlying claims, including employment of a "wait-and-see" strategy and elevation of their own financial interests above those of the

**652825/2023   THE ARCHDIOCESE OF NEW YORK ET AL vs. CENTURY INDEMNITY COMPANY,**          Page 5 of 11
**AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE CO. OF**
**NORTH AMERICA AND AS SUCCESSOR TO INDEMNITY INSURANCE COMPANY OF NORTH**
**AMERICA ET AL**
**Motion No. 011**

[* 5]                                          5 of 11

insured (Amended Complaint § 666). The bad faith claim alleges unfair claim settlement practices including, *inter alia*, "denying coverage based on meritless and untimely defenses, rejecting the policyholders' requests to participate in underlying mediations and settlement discussions . . . [and] refusing to provide consent to any underlying settlements" (*id.* § 667). The Amended Complaint further alleges bad faith actions by the Moving Insurers' attempt to "intimidate the policyholders into abandoning coverage or accepting reduced coverage by initiating coverage litigation" while the Archdiocese was defending the underlying claims and by taking positions in the coverage litigation "antithetical to the duty to defend" that risked "reducing the . . . defense of the Underlying Claims" (*id.*). In contrast, the Archdiocese's breach of contract cause of action is premised on the Moving Insurers' alleged breached or anticipatory repudiation of the subject policies by refusing to indemnify for the Archdiocese for liabilities incurred in connection with the underlying claims, rather than merely the Moving Insurers' alleged refusal to participate in or hindrance of settlements (*id.* § 659).

The fifth and sixth causes of action also allege distinct damages. The breach of covenant claim seeks recovery of consequential damages that include "pre- and post-judgment interest on the amount owed under the [Moving Insurers'] Policies," the costs incurred by the Archdiocese because of the Moving Insurers' alleged "delay, obstruction, and unfair claim settlement practices, including . . . attorneys' fees and costs responding to the [Moving] Insurers' coverage lawsuit" (*id.* § 671). In contrast, the breach of contract claim seeks damages for "the amount of any settlements and/or judgments that the Archdiocese and the Associated Policyholders have incurred or will be forced to incur without the benefit of the coverage owed by the [Moving] Insurers, including . . . the amounts of . . . settlements that the Archdiocese and Associated Policyholders were forced to self-fund without the benefit of insurance" (*id*. § 661).

652825/2023   THE ARCHDIOCESE OF NEW YORK ET AL vs. CENTURY INDEMNITY COMPANY,           Page 6 of 11
AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE CO. OF
NORTH AMERICA AND AS SUCCESSOR TO INDEMNITY INSURANCE COMPANY OF NORTH
AMERICA ET AL
Motion No.  011

In the alternative, the Moving Insurers argue that the Archdiocese's Amended Complaint fails to state a cause of action for breach of the implied covenant due to bad faith because it fails to adequately plead that the Moving Insurers acted with gross disregard towards its interests. To state a cause of action for breach of the implied covenant in the context of a claim of bad faith in the insurance context, a plaintiff must allege "that the insurer's conduct constituted a 'gross disregard' of the insured's interests – that is, a deliberate or reckless failure to place on equal footing the interests of its insured with its own interests when considering a settlement offer" (*Pavia v State Farm Mut. Auto Ins. Co.*, 82 NY2d 445, 453 [1993]).

Here, the Archdiocese alleges that the Moving Insurers "grossly disregarded their policyholders' interests and repeatedly sought to elevate their own interests to the serious detriment of the Archdiocese" (Amended Complaint § 668). Its Amended Complaint states that the Moving Insurers' gross disregard was evident in their unfair claim settlement practices that included, *inter alia*, rejecting requests to participate in mediation and settlement discussions, refusing to consent to any underlying settlements, and refusing to honor their obligations to fund settlements (*id.* §§ 608-612, 622, 667). It claims that, in acting in this manner, the Moving Insurers improperly elevated their "own financial interests and industry concerns" over their obligations to the policyholders (*id.* §§ 666). The Moving Insurers' argument that the Appellate Division, First Department's decision reinstating certain of their declaratory judgment claims forecloses the bad faith cause of action is unavailing, as that decision merely found that the defendants adequately pled the reinstated claims. The Court therefore finds that the Archdiocese adequately pleads gross disregard in support of its breach of implied covenant claim (*cf. Rockefeller*, 231 AD3d at 458). The branch of the motion seeking dismissal of the Archdiocese's sixth cause of action is accordingly denied.

652825/2023   THE ARCHDIOCESE OF NEW YORK ET AL vs. CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE CO. OF NORTH AMERICA AND AS SUCCESSOR TO INDEMNITY INSURANCE COMPANY OF NORTH AMERICA ET AL
Motion No.  011

Page 7 of 11

7 of 11

[* 7]

The Archdiocese's seventh cause of action alleges that the Moving Insurers violated GBL § 349, which makes unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service" (GBL § 349[a]). This claim alleges that the Moving Insurers engaged in deceptive business practices through their bad-faith handling of the underlying claims and the claims of similarly-situated policyholders facing CVA lawsuits. A party states a cause of action under the statute by alleging that "(1) the defendant's conduct was consumer-oriented; (2) the defendant's act or practice was deceptive or misleading in a material way; and (3) the plaintiff suffered an injury as a result of the deception" (*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co.*, 37 NY3d 169, 176 [2021]).

The Moving Insurers argue that the Archdiocese fails to adequately plead any "consumer-oriented" conduct, as this case is a private insurance dispute concerning a series of private contracts. "[A]n act or practice is consumer-oriented when it has 'a broader impact on consumers at large' (*id.* at 177, quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25-27 [1995]). This element plainly excludes "[p]rivate contract disputes, unique to the parties," and is rather focused on "the seller's deception and its subsequent impact on consumer decision-making, not on the consumer's ultimate use of a product" (*id.*).

Here, the Archdiocese's Amended Complaint specifically alleges that the subject policies are either "standard form general liability insurance policies" or excess liability policies that "follow form to the underlying primary policies or use substantially similar policy language in all material respects" (Amended Complaint §§ 565, 568). It further alleges that "the same standard form policies [the Moving Insurers] sold to the Archdiocese . . . were also sold to other

**652825/2023   THE ARCHDIOCESE OF NEW YORK ET AL vs. CENTURY INDEMNITY COMPANY,**
**AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE CO. OF**
**NORTH AMERICA AND AS SUCCESSOR TO INDEMNITY INSURANCE COMPANY OF NORTH**
**AMERICA ET AL**
**Motion No.  011**

Page 8 of 11

8 of 11

policyholders" (*id.* § 570).  The Court therefore finds that the Archdiocese adequately alleges consumer-oriented behavior as the subject policies are alleged to have been standard form policies "provided to multiple consumers" (*Rockefeller Univ.*, 231 AD3d at 459, citing *Acquista v New York Life Ins. Co.*, 285 AD2d 73, 83 [1st Dept 2001]; *Himmelstein*, 37 NY3d at 177).

The Moving Insurers next argue that the Amended Complaint fails to allege any deceptive acts or practices, because it does not set forth any actions that would be materially misleading to a reasonable consumer.  Rather, they argue that the Amended Complaint merely alleges that they took actions "consistent with their legitimate coverage positions" and that, rather than allege deception, the facts in the pleading show that it took efforts to explain their coverage positions to the Archdiocese (NYSCEF Doc No. 138, Moving Insurers' Memorandum of Law at 20-21).

Deceptive acts and practices are objectively defined as "representations or omissions" that are "likely to mislead a reasonable consumer acting reasonably under the circumstances" (*Oswego*, 85 NY2d at 26; *see also Himmelstein*, 37 NY3d at 178; *Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 344 [1999]).  "What is objectively reasonable depends on the facts and context of the alleged misrepresentations and 'may be determined as a matter of law or fact (as individual cases require)'" (*Himmelstein*, 27 NY3d at 178, quoting *Oswego*, 85 NY2d at 26).

The Court finds that the Amended Complaint sufficiently alleges materially misleading acts or practices on the part of the Moving Insurers. The Archdiocese's core allegation as to this claim is that the Archdiocese purchased the subject policies from the Moving Insurers that it expected would cover the defense and liabilities of the type faced in the underlying claims and that, contrary to these expectations, the Moving Insurers engaged in a pattern of bad faith conduct to delay the resolution of claims and deny coverage.  This alleged conduct occurred

**652825/2023   THE ARCHDIOCESE OF NEW YORK ET AL vs. CENTURY INDEMNITY COMPANY,**          **Page 9 of 11**
**AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE CO. OF**
**NORTH AMERICA AND AS SUCCESSOR TO INDEMNITY INSURANCE COMPANY OF NORTH**
**AMERICA ET AL**
**Motion No.  011**

[* 9]                                                           9 of 11

despite the subject policies' alleged coverage of bodily injury claims arising out of negligent hiring, supervision, or retention, the Moving Insurers' historical coverage of sexual abuse claims asserting such theories against the Archdiocese before the CVA's 2019 enactment, and "decades of public statements" from the Moving Insurers to their customers about the scope their coverage (Amended Complaint §§ 6-18).

The Amended Complaint supports these allegations by setting forth at length specific acts and practices undertaken by the Moving Insurers in alleged bad faith to avoid their obligations to the Archdiocese and which would tend to deceive a reasonable consumer. These include, *inter alia*: the Moving Insurers' failure to investigate the underlying claims in a reasonable time, demanding unnecessary or unavailable documentation from the Archdiocese, delaying their coverage position, refusing to effectuate settlement of the underlying claims, withholding consent to settle, and ceasing payment of the defense and settlement of the underlying claims (Amended Complaint § 678). Taken together, these allegations sufficiently allege conduct that would be materially misleading to "a reasonable consumer acting reasonably under the circumstances" (*Himmelstein*, 37 NY3d at 178). The Court therefore finds that the Archdiocese adequately pleads the second element of GBL § 349.

The Moving Insurers last argue that the Amended Complaint fails to sufficiently allege any injury caused by their purportedly deceptive acts, as it does not allege independent damages or how the Archdiocese relied on any of the Moving Insurers' acts or practices such that they could be said to have caused the injury. To sustain a claim under GBL § 349, a plaintiff must allege that "'a material [*sic*] deceptive act or practice caused actual, although not necessarily pecuniary, harm'" (*Small v Lorillard Tobacco Co.*, 94 NY2d 43, 56 [1999], quoting *Oswego*, 85

652825/2023   THE ARCHDIOCESE OF NEW YORK ET AL vs. CENTURY INDEMNITY COMPANY,          Page 10 of 11
AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE CO. OF
NORTH AMERICA AND AS SUCCESSOR TO INDEMNITY INSURANCE COMPANY OF NORTH
AMERICA ET AL
Motion No.  011

[* 10]

10 of 11

NY2d at 26).  However, "[j]ustifiable reliance by the plaintiff is *not* an element of the statutory claim" (*Koch v Acker, Merrall & Condit Co.*, 18 NY3d 940, 941 [2012] [emphasis added]).

The Court finds that the Archdiocese sufficiently alleges independent injury caused by the Moving Insurers' alleged deceptive acts and practices.  Here, the Archdiocese alleges that it and other similarly situated policyholders were injured by the Moving Insurers' deceptive "wait-and-see" strategy in relation to CVA claims (Amended Complaint §§ 675-680; *cf. Rockefeller*, 231 AD3d at 458 ["Plaintiff has sufficiently pleaded independent injury, alleging that defendant insurers violated the statute by engaging in a deceptive wait-and-see strategy that has damaged plaintiff and potentially other policyholders, sexual abuse survivors, and the insurers' investors"]).  It further alleges that it has sustained actual injuries from the purportedly deceptive conduct by being forced to pay out-of-pocket for settlements that the Moving Insurers should have covered pursuant to the subject policies (Amended Complaint §§ 613-626).  The branch of the motion seeking dismissal of the Archdiocese's seventh cause of action alleging violations of GBL § 349 is therefore denied.

Accordingly, it is hereby:

ORDERED that the motion is denied in its entirety.

This constitutes the Decision and order of the Court.

| **5/6/2025** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | **LORI S. SATTLER, J.S.C.** | | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

652825/2023   THE ARCHDIOCESE OF NEW YORK ET AL vs. CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE CO. OF NORTH AMERICA AND AS SUCCESSOR TO INDEMNITY INSURANCE COMPANY OF NORTH AMERICA ET AL
Motion No.  011

Page 11 of 11

11 of 11