Fernandez v Nationstar Mtge. LLC (2025 NY Slip Op 02850)

Fernandez v Nationstar Mtge. LLC

2025 NY Slip Op 02850

Decided on May 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 08, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 810925/21|Appeal No. 4322|Case No. 2024-05334|

[*1]Celeste Fernandez et al., Plaintiffs-Appellants,
v
Nationstar Mortgage LLC Doing Business as Champion Mortgage Company, Defendant-Respondent.

Law Office of Michael Drezin, Bronx (Michael Drezin of counsel), for appellants.
Gross Polowy, LLC, Westbury (Michael Naghdi of counsel), for respondent.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about February 7, 2024, which denied plaintiffs' motion for summary judgment and, sua sponte, dismissed the complaint, unanimously affirmed, without costs.
In 2018, defendant commenced a foreclosure action against plaintiffs. In or around 2021, the parties settled the matter, and plaintiff Celeste Fernandez paid off the full amount of the mortgage. In this action, plaintiffs bring an unjust enrichment claim based on their payment to defendant in that prior action and allege that plaintiffs had valid affirmative defenses in the prior action.
As an initial matter, this Court has jurisdiction over this appeal. Although plaintiffs filed an informational statement rather than a conventional notice of appeal, the statement indicated the order appealed from, the parties taking the appeal, and that plaintiffs were appealing to this Court, rendering the informational statement sufficient (CPLR 5515[1]). As the statement was filed approximately three weeks after notice of entry of the order appealed from, it was sufficiently timely to give this Court jurisdiction (CPLR 5513[a]). Dismissal of the complaint was warranted because this action is barred by res judicata. Ordinarily, a claim concerning an agreement settling a prior action or a payment in satisfaction of a claim would not be barred by res judicata because the facts and circumstances surrounding the agreement or payment, having occurred at the end of litigation, could not have been litigated during that same action (see Matter of Hunter, 4 NY3d 260, 269 [2005]). However, the only facts plaintiffs pleaded challenging that settlement agreement were affirmative defenses that plaintiffs included in their answer in the prior 2018 foreclosure action. The action consists solely of issues that were litigated or could have been litigated in the prior action. Because the prior action concluded through a settlement and discontinuance, this action, as pleaded, is barred by res judicata (see Kirby v David Fabricators of N.Y., Inc., 236 AD3d 436 [1st Dept 2025]).
Furthermore, the fact that defendant pleaded the voluntary payment doctrine as an affirmative defense did not relieve plaintiffs of their burden to factually plead each element of their unjust enrichment claim, which plaintiffs failed to do (see generally Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]; see also M & E 73-75, LLC v 57 Fusion LLC, 189 AD3d 1, 5 [1st Dept 2020], lv dismissed 36 NY3d 1086 [2021]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 8, 2025